18030

James L. McPHERSON, Respondent, v. UNITED AMERICAN INSURANCE COMPANY, Appellant

(129 S. E. (2d) 842)

Messrs. *Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Appellant,*

Messrs. *Arrowsmith & Looper,* of Florence, *for Respondent,*

February 13, 1963.

TAYLOR, Chief Justice.

This appeal comes from the Civil Court of Florence County where plaintiff sought actual and punitive damages

arising out of an alleged fraudulent conversion of premium payments by defendant's agent in connection with the issuance of certain insurance policies.

Upon completion of plaintiff's case, motion was made for a nonsuit which was denied. Defendant then stated that it would rely on the record and introduce no testimony and moved for a directed verdict which was denied and the case submitted to the jury, who found for plaintiff $74.75 actual damages and $1,350.00 punitive damages. Defendant duly moved for a new trial which was denied and now appeals.

The testimony is that plaintiff was approached by a Mr. H. L. Moore, defendant's agent, who took plaintiff's application for hospitalization insurance together with his check for one year's premium in the amount of $134.15, dated April 10, 1961, the premiums to be refunded if defendant refused to issue the insurance coverage applied for. Thereafter, defendant issued and delivered to plaintiff three insurance policies by its agent on August 1, 1961. Examination of these policies by plaintiff revealed that the initial premium acknowledged in each policy was in the total amount of $59.40 rather than $134.15, and was for a period of three months rather than for one year. Plaintiff questioned defendant's agent Moore concerning the above discrepancies and was told not to pay them any attention as plaintiff had paid a year's premium and that he had gotten a year's coverage. Plaintiff, not satisfied with Moore's answer, wrote the defendant Company for further explanation and received the following letter, dated August 11, 1961:

"This will acknowledge and thank you for the letter we received August 8th concerning the premium status of your three policies. We have not received any renewal premium payments on Policy Numbers 2345, 520 and 2345, 521, which were issued effective July 21, 1961, with premiums paid to October 21, 1961. According to our

records, the August 22nd premium is now due on Policy No. 2338, 729, which we issued effective May 22, 1961.

We are writing Mr. Moore concerning the information which you furnished us. In the meantime we shall appreciate your sending us the cancelled check which you gave him for $134.15. If you prefer not to send this original check, you may, of course, send us a photostatic copy of both sides of the check. A self addressed envelope is enclosed for your convenience."

After receiving the above reply, plaintiff again contacted defendant's agent Moore, who told him that if he persisted concerning the matter he would be thrown in jail, that his wife had become upset by plaintiff's calls and that he would sue for damages and prosecute him, too, if he pursued the matter further. Further, that neither he nor the Company was going to do a thing about it.

This appeal presents the sole question of whether the evidence was sufficient to establish that defendant's agent was guilty of a fraudulent conversion of plaintiff's property for which defendant is liable.

This Court has defined conversion as "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein, * * *." *Spencer v. First Carolina Joint Stock Land Bank of Columbia et al.,* 167 S. C. 36, 165 S. E. 731; or as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of the condition or the exclusion of the owner's rights." *Ray v. Pilgrim Health & Life Ins. Co.,* 206 S. C. 344, 34 S. E. (2d) 218, 219. For other definitions see *Powell v. A. K. Brown Motor Co.,* 200 S. C. 75, 20 S. E. (2d) 636; and money has been recognized as being subject to conversion, *Abrahams & Co. v. Southwestern Railroad Bank,* 1 S. C. 441, 7 Am. Rep. 33; *Griffith v. Metropolitan Life Ins. Co.,* 189 S. C. 52, 200 S. E. 89; *Ray v. Pilgrim Health & Life Ins. Co.,* 206 S. C. 344, 34 S. E. (2d) 218.

Moore by cashing plaintiff's check and forwarding only $59.40 to his principal converted the balance to his personal use, Defendant contends that there was no conversion of plaintiff's property in that plaintiff actually received what he paid for as the law is well established that if a policy of insurance is issued, the coverage is for such period of time as would be bought with the amount of premium paid. This argument is rather ingenious but hardly persuasive. The fact remains that Moore converted plaintiff's money to his own use and at the time was defendant's agent, authorized to accept payments of premiums on behalf of defendant; in fact, that was one of his duties. If plaintiff was covered for one year as contended, it was by operation of law and not so provided in the contract of insurance he had paid for. Neither was such coverage apparent by defendant's records as is evident by the letter quoted earlier indicating premiums paid on two of the policies until October 21, 1961, and a past due premium on the other policy.

"By the weight of authority, where an insurer wrongfully cancels, repudiates, or terminates the contract of insurance, the insured may at once pursue either of three courses: (1) He may elect to treat the policy as still in force, and let the test of the validity of the cancellation or repudiation await until the policy is payable and is sued on; (2) he may sue in equity to set aside the cancellation, and to have the policy declared to be valid and in force; or (3) he may maintain an action at law to recover damages for the wrongful cancellation or repudiation." *Shuler v. Equitable Life Assurance Society of the United States,* 184 S. C. 485, 193 S. E. 46; *McLaughlin v. Brotherhood of Railroad Trainmen,* 216 S. C. 233, 57 S. E. (2d) 441; *Davis v. Bankers Life & Casualty Co.,* 227 S. C. 587, 88 S. E. (2d) 658.

Plaintiff has the right to pursue either of the foregoing remedies although he had the right to stand upon the policies and prove the annual payment of

his premium, thereby securing all the coverage he had purchased. He also had the right to elect to pursue his action for conversion.

Defendant further contends that when the agent received the money it was in possession of the Company and if there was any conversion, it was a matter between the agent and the Company and of no concern to plaintiff. This contention would be correct if plaintiff had elected to stand on the policies; however, defendant cannot complain when plaintiff elected to sue for conversion, as here.

" ' "It is a general doctrine of law that although the principal is not ordinarily liable (for he sometimes is) in a criminal suit, for the acts or misdeeds of his agent, unless, indeed, he has authorized or co-operated in them, yet he is held liable to third persons in a civil suit for the frauds, deceits, concealments, misrepresentations, negligences, and other malfeasances and omissions of duty of his agent in the course of his employment, although the principal did not authorize or justify or participate in, or indeed, know of such misconduct, or even if he forbade the acts or disapproved of them. In all such cases, the rules applies respondeat superior; and it is founded upon public policy and convenience, for in no other way could there be any safety to third persons in their dealings, either directly with the principal, or indirectly with him through the instrumentality of agents. In every such case the principal holds out his agent as competent and fit to be trusted, and thereby, in effect, he warrants his fidelity and good conduct in all matters within the scope of the agency." In stating this reason for his rule Lord C. J. Holt says: "Seeing that some one must be loser by the deceit it is more reasonable that he who employs and confides in the deceiver should be the loser than a stranger." ' *Huestess v. South Atlantic Life Insurance Company,* 88 S. C. 31, 70 S. E. 403, 407. See also *Eskew v. Life Insurance Company of Virginia,* 190

S. C. 515, 3 S. E. (2d) 251." *West v. Service Life and Health Ins. Co.*, 220 S. C. 198, 66 S. E. (2d) 816.

We are of opinion that Moore's action clearly exhibits a plan or scheme to defraud and to convert a portion of plaintiff's premium to his own use to the detriment of plaintiff for which exemplary damages are properly recoverable and for which defendant as Moore's principal is liable; that the judgment appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.