Bessie A. SPIRES, Appellant,

v.

NORTH AMERICAN ACCEPTANCE CORPORATION, Appellee.

No. 24710.

United States Court of Appeals Fifth Circuit.

Oct. 10, 1967.

Emmet J. Bondurant, Atlanta, Ga., Douglas McKay, Jr., Columbia, S. C., for appellant.

H. Fred Gober, Atlanta, Ga., for appellee. Arnall, Golden & Gregory, Atlanta, Ga., of counsel.

Before TUTTLE, BELL and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

Mrs. Spires brought suit to recover $8,557.21 alleged to be due under certain dealer reserve certificates and $50,000

in punitive damages based on the claimed conversion of the sums due under the certificates. Mrs. Spires was engaged in the business of selling house trailers. During the course of her business she discounted conditional sales contracts and similar commercial paper secured by the trailers to Southeastern Fund, a South Carolina corporation. Southeastern Fund withheld a portion of the discount price as a reserve against any losses which it might sustain on the contracts purchased from Mrs. Spires. The sum of $8,557.21 is the total of the amounts withheld and evidenced by certificates payable to Mrs. Spires.

The suit was filed in the United States District Court for the District of South Carolina. The complaint alleged that the assets and liabilities of Southeastern Fund had been transferred as a part of a corporate reorganization to a Tennessee corporation and ultimately to appellee, a Georgia corporation. It developed that appellee was not qualified to do business in South Carolina and that service could not be perfected there and the case was transferred to the Northern District of Georgia under 28 U.S.C.A. § 1404(a) and § 1406(a) by stipulation.

Appellee's motion to dismiss for want of the jurisdictional amount was granted on the premise that Georgia law applied to the complaint and that punitive damages were not recoverable thereunder. Mrs. Spires does not contest this view of the Georgia law. She moved, however, for reconsideration on the basis that South Carolina law was applicable. She contended that South Carolina rather than Georgia law applied because of the fact that the case had been transferred under 28 U.S.C.A. § 1404(a). See Van Dusen v. Barrack, 1964, 376 U.S. 612, 626, 637–639, 84 S.Ct. 805, 11 L.Ed.2d 945. The court, without reaching the choice of law question, concluded that punitive damages would not lie under South Carolina law. Being of the same view, we pretermit the question whether the transfer was under § 1404 (a) or § 1406(a) and the effect of the consent to the transfer by appellee.

The answer to the question presented depends on South Carolina case law, there being no South Carolina statute involved. It must appear to a legal certainty under the South Carolina authority that the claim asserted is for less than the jurisdictional amount. Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; and St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845.

The gist of the complaint is the allegation that appellee converted the funds of Mrs. Spires. There is no allegation of fraud. It is alleged that the funds converted were due under the certificates issued out of the several transactions between Mrs. Spires and Southeastern Fund. These certificates evidence sums due Mrs. Spires and each provides for payment on stated dates provided certain conditions are met. For example, one condition was that Mrs. Spires remain in the trailer business and that she not be otherwise indebted to Southeastern.

Mrs. Spires relies on McPherson v. United American Insurance Co., 1963, 242 S.C. 28, 129 S.E.2d 842; and Griffith v. Metropolitan Life Insurance Co., 1938, 189 S.C. 52, 200 S.E. 89, to support her claim for punitive damages. Appellee relies on Ray v. Pilgrim Health & Life Insurance Company, 1945, 206 S.C. 344, 34 S.E.2d 218. It is clear to us that this latter case is controlling and that Mrs. Spires has no cause of action for punitive damages.

Punitive damages were allowed in *McPherson* for fraudulent conversion of premium payments by an agent of defendant insurance company. Plaintiff applied for an insurance policy and gave the company's agent a check for a year's premium. However, the policy was issued on the basis of the payment of a quarterly rather than an annual premium. The agent, upon being questioned by the purchaser, was told that he had paid a year's premium and would receive a year's coverage. But the purchaser, still dissatisfied, wrote the company

with respect to the discrepancy. The company replied and began an investigation of the matter. It developed that the agent cashed the check and converted the difference to his own personal use. The case is based squarely on a fraudulent conversion by the agent of the difference between the annual premium and a quarterly premium. The court affirmed an award of punitive damages to the purchaser as against the principal, the insurance company.

*Griffith* contains a punitive damages question by implication. That case was a suit for the fraudulent detention and conversion of a deposit made by an applicant for an insurance policy on her minor son. The deposit was retained pending acceptance of the application and it was contended that the company refused to refund the deposit. While not entirely clear, it appears that the suit is premised on the theory of breach of contract accompanied by an act of fraud. There is some indication that the trial court also treated the suit as one for actionable fraud or for conversion but the underlying basis of the suit, in either event, was fraud.

The cause of action in Ray v. Pilgrim Health & Life Insurance Company, supra, was based on the contention of fraudulent conversion by the insurance company by retaining a sum paid to it on the premium of a life insurance policy for which the plaintiff had applied. The plaintiff decided not to purchase the policy and asked for a return of the deposit. The refund was promised but there was a delay in paying it from May until August at which time the plaintiff returned the refund check and filed suit for fraudulent conversion. The court pointed out that money may be the subject of conversion but that the evidence did not support such a cause of action for several reasons. The deposit was not received in a fiduciary capacity. The money was rightfully received by the company and no wrongful act was committed in commingling it with the company's own funds. There was no unauthorized assumption and exercise of right of ownership over money belonging to another. There was no obligation on the part of the company to keep the money in its original form as the identical property of the plaintiff or to keep the money intact. The failure of the company to make the refund was a mere breach of the agreement to refund for which an action ex contractu would lie. The facts did not make out a tort. The court pointed out that the punitive damages could be recovered for breach of contract if the breach was accomplished with a fraudulent intention and was accompanied by a fraudulent act but that there was no evidence in the case of fraud or fraudulent acts on the part of appellant. The judgment of the lower court as to the award of punitive damages was reversed.

■ In the case before us there is no allegation whatever of fraud. The allegations of the complaint and the language of the certificates representing the indebtedness make it clear that the cause of action rests on contract. There is no claim of a fraudulent conversion through a wrongful taking or retention of the funds of another as in the *McPherson* or *Griffith* cases, supra. The complaint alleges only that appellee has refused to pay the funds to Mrs. Spires due under the dealer reserve certificates and that appellee, in retaining the funds represented by the certificates, has converted the monies belonging to Mrs. Spires to its own use. We hold that this is not a sufficient basis for punitive damages and that it does appear to a legal certainty that the claim is for less than the jurisdictional amount. The court did not err in dismissing the complaint on this jurisdictional ground.

Affirmed.