**Olive GILL et al., Plaintiffs-Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, a foreign insurance corporation, Defendant-Appellee.**

No. 71-1656.

United States Court of Appeals, Sixth Circuit.

April 19, 1972.

---

**578**

Calvin Gonek, Detroit, Mich., for plaintiffs-appellants.

Albert A. Miller, Detroit, Mich., for defendant-appellee; Garan, Lucow, Miller, Lehman, Seward & Cooper, Detroit, Mich., on brief.

Before CLARK, Associate Justice,* PHILLIPS, Chief Judge, and EDWARDS, Circuit Judge.

* Honorable Tom C. Clark, Associate Justice of the Supreme Court of the United States, Retired, sitting by designation.

PHILLIPS, Chief Judge.

John B. Gill and Mary Ann Mushro appeal from an order dismissing their diversity action for want of jurisdictional amount. We affirm.

Olive Gill and Mary Ann Mushro filed a suit in a State Circuit Court of Michigan to recover damages for injuries suffered in an automobile accident. John Gill joined as plaintiff, asserting a derivative marital claim. Allstate Insurance Company, the insurance carrier, employed local counsel to represent the defendant in the State court suit. On August 30, 1966, after the filing of the present action in the District Court, verdicts were returned in the State court in favor of plaintiffs as follows: Olive Gill, $2,325, Mary Ann Mushro $10,700, and John Gill $2,616. The proceedings in the State court are outlined in detail in the affidavit of the State trial judge, Honorable Howard R. Carroll, which is made an appendix to this opinion.

The present diversity suit against Allstate charged misuse of State court process and intentional infliction of mental distress. John Gill sued for $115,000 and Mary Ann Mushro for $125,000. The action of Olive Gill was dismissed by District Judge Lawrence Gubow. No appeal was perfected from that decision.

Subsequently, appellee also filed a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure for want of the jurisdictional amount as to plaintiffs Gill and Mushro. Affidavits and depositions were filed by both sides pertaining to this motion.

Basing his decision in the present case upon the evidentiary material in the file, District Judge Philip Pratt concluded as follows:

"With respect to the claim of John B. Gill, it appears that Mr. Gill was not himself involved in the automobile accident, but was a party to the original suit seeking recovery for medical

and hospital bills for which he was responsible and for his loss of consortium. Mr. Gill has a long history of heart ailments dating back to about 1958. He did not seek medical attention between February 1966, and April 1967, even though he complained of the presence of symptoms during this time, which he attributes to the defendant's conduct and even though he could not withstand the rigors of the actual trial in August 1966. Mr. Gill characterizes his reaction to the trips he had to make to Mt. Clemens because of trial adjournments as 'shook me up quite a bit.'

"With respect to the claim of Mary Ann Mushro, it appears that at least since 1960 Mrs. Mushro suffered from hypertension and was subject to 'dizzy' spells, nervous spells and sleeplessness. These symptoms, she claims, became particularly acute during June, July and August, the period when trial was imminent but was adjourned twice (one of those with consent of plaintiffs counsel). Again, there was no attempt to secure medical treatment for these complaints. One of her damage claims at the original trial involved her blood pressure condition and its aggravation by the accident.

\*     \*     \*     \*     \*     \*

"This Court cannot conceive how the claims of the respective plaintiffs can approach the jurisdictional minimum. Mr. Gill's complaints are minimal and Mrs. Mushro's insubstantial. One must question the good faith of the plaintiffs in asserting on the basis of their complaints, unattended by any doctors at the time of their alleged onslaught, that they suffered this 'upset,' 'nervous' type of injury to the extent of $10,000 and over. The plaintiffs here present no better case than did Mrs. Gill before Judge Gubow and this Court can draw no distinction among the claims of the several plaintiffs. The causal relationship between the alleged conduct of defendant and the physical and mental inju-ries complained of is, at best, tenuous and, albeit meritorious, does not produce damages in the amounts required."

■ This court has examined the discovery depositions, answers to interrogatories, medical and hospital records and affidavits in the file and find that they support the conclusion of the District Court. Like the trial judge, we find to a legal certainty that these claims are really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

We hold that the District Judge was correct in dismissing the action. In Nelson v. Keefer, 451 F.2d 289 (3rd Cir. 1971), the court considered the procedural and substantive aspects of dismissal for want of jurisdictional amount. We follow the extensive and well reasoned opinion of Judge Aldisert in that case. *See also* St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 290, 58 S.Ct. 586 (1938); Leehans v. American Employers Ins. Co., 273 F.2d 72 (5th Cir. 1959); Fireman's Fund Ins. Co. v. Railway Express Agency, 253 F.2d 780, 782 (6th Cir. 1958); Turner v. Wilson Line, 242 F.2d 414, 419 (1st Cir. 1957).

■ Appellants also assert that the District Court committed reversible error in refusing to appoint a medical-psychiatric-psychological panel to determine the nature and extent of their complaints. We find no merit in this contention.

Affirmed.

## APPENDIX A

### AFFIDAVIT OF HONORABLE HOWARD R. CARROLL, MACOMB COUNTY CIRCUIT JUDGE

STATE OF MICHIGAN  ⎱
                   ss.
COUNTY OF MACOMB ⎰

HOWARD R. CARROLL, being first duly sworn, deposes and says that he is a Judge of the Sixteenth Judicial Dis-

trict at Mt. Clemens, County of Macomb, State of Michigan, and that, if sworn as a witness in the above entitled cause, can testify competently to the facts contained herein.

1. That the litigation known as Olive Gill, John B. Gill and Mary Ann Mushro, Plaintiffs vs. Myrtle Johns, Defendant, in the Circuit Court for the County of Macomb, Case No. N–64–1448 was duly assigned to this deponent upon institution of legal proceedings by the plaintiffs named therein on May 15, 1964 and that your deponent was in principal charge of all proceedings relative to said litigation from the time of commencement of suit through trial, entry of Judgment and Satisfaction of Judgment in the Fall of 1966; that in the Macomb County litigation the plaintiffs were represented by Calvin Gonek and the defendant was represented by Steve S. Michaels.

2. That your deponent has examined the Complaint filed by the plaintiffs Olive Gill, John B. Gill and Mary Ann Mushro vs. Allstate Insurance Company, defendant in the above entitled cause, presently pending in the United States District Court for the Eastern District of Michigan, Civil Action No. 28523 with special reference to the allegations set forth therein that Steve S. Michaels:

"Employed processes of the Court such as Motions, Affidavits, and other pleadings, to delay, hinder, harass and prevent the matter from reaching trial." (Paragraph 4 of Complaint in the above entitled clause).

"Employed not only normal Court processes but committed various acts to delay this action such as securing Court Orders without properly noticing the same for Hearing or serving the same as well misrepresenting to the Court Officials as to the status of the case, said delays were beyond the permissible scope of the Michigan Court Rules." (Paragraph 5 of Plaintiff's Complaint in the above entitled cause).

3. That in connection with the foregoing allegations in the Plaintiff's Complaint presently pending in the above entitled cause your deponent says:

A. Trial in the Macomb County Litigation was originally scheduled for June 10, 1965. By letter of May 25, 1965 from Calvin Gonek, attorney for the Plaintiffs, the said Calvin Gonek did request an adjournment of the trial date of June 10, 1965 which same was granted. (See attached Exhibit A which is specifically incorporated herein by reference).

B. That Attorney Steve S. Michaels filed a Motion for Summary Judgment relative to the issue of Lex Loci Delicti on March 16, 1966 and oral arguments were heard on same on the duly noticed Motion date of March 21, 1966 at which time your deponent orally denied the Motion for Summary Judgment and a formal "Order and Reasons Denying Motion for Summary Judgment" was entered on March 28, 1968 (See Exhibit B attached) wherein the Court stated:

"That the Court in denying Defendant's Motion does not expressly or impliedly rule on the merits of defendant's arguments thereon but feels that he must seek his relief in a Superior Court.

It is therefore ordered and adjudged: that the Motion for Summary Judgment is denied. . . ."

That your deponent was of the opinion that having due regard for the decisions and other jurisdictions and the publications of scholars and legal periodicals that the issue presented in the Motion for Summary Judgment merited consideration by an appellate tribunal in order to obtain a definitive Michigan decision on the issue having due regard for the comments of the Restatement of Conflict of Laws and decisions in such sister jurisdictions as New York, Pennsylvania, Wisconsin and California.

C. That at the time of oral argument of March 21, 1966, supra, the Court was advised that a trial date had been scheduled for March 28, 1966. Attorney

Steve S. Michaels indicated that he was giving serious consideration to testing the issue of Lex Loci Delicti in the Court of Appeals for the State of Michigan. Your deponent advised respective counsel that he was at present engaged in a protracted trial which could foreseeably continue past March 28, 1966 and that there were cases pending which were earlier in point of time than the case at hand and that the case would not be reached for trial on March 28, 1966. Your deponent therefore referred respective counsel for the parties to the Court Administrator for selection of a further trial date. (See Exhibit "C" extract of Court Reporter transcript of remarks of the Court of March 21, 1966).

D. That your deponent has examined Exhibit "D" of Salvatore Crimando, Court Administrator of the Sixteenth Judicial District, which is incorporated herein by reference, from which it appears that a trial date of June 7, 1966 was scheduled for the Gill litigation in the Macomb County Circuit Court:

"With the understanding that defendant-appellant was to move for Leave to Appeal prior to June 7, 1966, or in the alternative, go to trial on that date."

E. That thereafter attorney Steve S. Michaels on behalf of the defendant filed an Application for Leave to Appeal to the Court of Appeals in the Macomb County litigation and in connection therewith your deponent did enter and file "Concise Statement of Proceedings and Facts" on April 28, 1966 after same had been duly noticed for entry (See Exhibit "E" attached hereto and specifically incorporated herein by reference).

F. That on June 7, 1966 your deponent pursuant to a Petition filed by Steve S. Michaels, attorney for the defendant, did enter an "Order Staying Proceedings" in the Macomb County litigation pending a decision in the Court of Appeals on a pending Motion to Stay Proceedings in the Court of Appeals. (See Exhibit "F" attached).

G. That thereafter the Gill litigation was scheduled for trial in early August, 1966 and same was adjourned by agreement of counsel to August 23, 1966, by reason of prior commitments of attorney Michaels and further that trial was concluded on August 30, 1966 resulting in Verdict and Judgment in favor of the Plaintiffs (Olive Gill—$2,325.00; John B. Gill—$2,616.00; Mary Ann Mushro —$10,790.00) and Satisfaction of Judgment was thereafter filed by the Plaintiffs, and that attached hereto is a copy of Docket Entries in the Macomb County litigation marked Exhibit "G."

4. That your deponent further says that at no time during the conduct of the Gill litigation in the Macomb County Circuit Court did attorney Steve S. Michaels directly or indirectly by word, act or deed employ "processes of the Court such as Motions, Affidavits and other pleadings to delay, hinder, harass, and prevent the matter from reaching trial."

5. That your deponent further says that at no time during the conduct of the Gill litigation in the Macomb County Circuit Court did Attorney Steve S. Michaels directly or indirectly by word, act or deed employ other than "normal Court processes" nor did he commit "various acts to delay this action such as securing Court Orders without properly noticing same for Hearing or serving the same as well as misrepresenting to the Court Officials as to the status of the case."

6. And your deponent further says that the delays encountered in the trial of the Gill litigation were not beyond the permissible scope of the Michigan Court Rules and incorporates specifically by reference the files and records of the Macomb County Circuit Court in the Gill, et al. litigation which reflects that from time of institution of legal proceedings until time of jury verdict and Judgment approximately 28 ' months transpired, during this time extensive pretrial discovery was had by the parties and interlocutory Motion for Leave to Appeal was heard by the Court of Appeals of the State of Michigan.

582

7. Your deponent further states that in the conduct of the defense of the Gill litigation in the Macomb County Circuit Court, Steve S. Michaels did act at all times as an ethical Member of the Bar of the State of Michigan and as an Officer of the Court and that your deponent at no time observed nor did it come to the attention of your deponent that Steve S. Michaels conducted himself in any manner in the conduct of said litigation as to warrant professional criticism of any type and nature.

And further deponent sayeth not.

/s/ Honorable Howard R. Carroll
Judge Sixteenth Judicial District
Macomb County, State of Michigan

Subscribed and sworn to before me this 6 day of November, 1968.

/s/ Ruth E. Barry
Notary Public
County of Macomb, State of Michigan