Alfred RAMIREZ de ARELLANO and Esther Ramirez de Arellano, Plaintiffs,

v.

EASTERN AIR LINES, INC., Defendants.

Civ. No. 84–1288 GG.

United States District Court, D. Puerto Rico.

Dec. 12, 1985.

A.J. Amadeo Murga, Hato Rey, Puerto Rico, for plaintiffs.

Francisco Ponsa-Feliu, Francisco Ponsa-Flores, Edda Ponsa-Flores, Lawrence E. Duffy, San Juan, Puerto Rico, for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Plaintiffs have brought the present action against defendant Eastern Air Lines, Inc. (Eastern) for damages as a result of an incident which occurred onboard a plane bound from Miami, Florida to San Juan, Puerto Rico. Defendant's conduct is alleged to constitute a violation of 49 U.S.C. § 1374(b). Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1337.

The complaint alleges that on May 22, 1983, co-plaintiff Alfred Ramírez de Arellano (Ramírez) and his daughter Esther Ramírez de Arellano (Esther Ramírez) boarded Eastern Flight 967 with a first class ticket and a boarding pass. Approximately twenty minutes after boarding the plane and while plaintiffs were seated in their respective seats, employees of defendant required co-plaintiff Ramírez to move from the first class seat to a seat in the coach section of the plane. Ramírez alleges that the captain of the flight treated him in an "unruly and menacing manner" and used "abusive language" in forcing him to relinquish his seat. As a result of the captain's attitude, Ramírez claims that he suffered intense mental anguish and humiliation which caused damages estimated at $60,000.00. He also requests punitive damages in the amount of $200,000.00. In addition, Ramírez also requests $100.00 for the difference between the first class service he allegedly contracted for and the class of service he actually received. Co-plaintiff Esther Ramírez alleges that she suffered intense mental anguish and humiliation in witnessing the incident suffered by her father and estimates her damages in the sum of $15,000.00.

Eastern has filed a motion to dismiss on the grounds that the amount in controversy in the present case does not reach the required jurisdictional amount. Defendant further alleges that there is no cause of action under 49 U.S.C. § 1374(b). Depositions have been filed in support of Eastern's motion.

In addition to the presence of diversity of citizenship, a prerequisite for jurisdiction under 28 U.S.C. § 1332 is that "the matter in controversy exceed the sum or value of $10,000.00 exclusive of interest and costs ...".

In *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), the Supreme Court formulated the controlling principles for determining whether or not an action meets the jurisdictional amount:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to

a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

The Court also noted that the party invoking the court's jurisdiction bears the burden of alleging with sufficient particularity the facts creating jurisdiction and of supporting the allegation if challenged. *Id.* at 287, n. 10, 58 S.Ct. at 589, n. 10; *McNutt v. General Motors Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *see generally* Wright & Miller, *Federal Practice and Procedure* § 3702. Plaintiffs have not met this burden. Plaintiffs' assertions of mental anguish and humiliation are conclusory at best and cannot by any stretch of the imagination justify a damage claim of $10,000.00. The present case does not involve physical injuries of any kind, no hospitalization, no loss of income nor is there any evidence that plaintiffs have consulted any medical personnel for purposes of diagnosis or treatment as a result of the emotional upset suffered. *See Gill v. Allstate Insurance Company*, 458 F.2d 577, 578–79 (6th Cir.1972); *Cf. Duchesne v. American Airlines, Inc.*, 758 F.2d 27 (1st Cir.1985).

During his deposition, Ramírez testified that after the alleged incident he returned home, went to work on the following day and no changes were made in his work schedule as a consequence of the same. He did not consult any type of professional, medical or otherwise, regarding his physical and mental condition.

When questioned as to the nature of his damages, Ramírez claimed that he had the impression that he was being ridiculed and humiliated and that he was being pointed out as a troublemaker. He also stated that there were probably many people in the aircraft who knew him although he did not know who they were; plaintiff believed they probably knew him because he had been related to show business. When asked if he had knowledge as to the reactions of people in the vicinity of the incident, Ramírez stated he had no such knowledge since he did not observe their reactions, but that he had "an awareness".

In response to the question concerning the effect of the incident on his life, Ramírez answered that his life had not been profoundly affected by the incident. Ramírez also stated that he supposed that the effects of the humiliation would wear off in a period of time.

Regarding the damages suffered by co-plaintiff Esther Ramírez, she testified at the deposition that she felt very uncomfortable and nervous during the trip and suffered a bad period ("mal rato") as a result of the incident involving her father. Ms. Ramírez did not consult any type of professional, medical or otherwise, in relation to this alleged incident.

Clearly, there is a significant lack of proof that defendant's conduct caused anything more than momentary embarrassment. In *Jiménez-Puig v. Avis Rent-A-Car System*, 574 F.2d 37 (1st Cir.1978) the First Circuit Court of Appeals held that the jurisdictional amount was not met by a claim of brief embarrassment and some residual anger resulting from a car-rental clerk's public destruction of plaintiff's credit card and an announcement that plaintiff's credit was cancelled because he did not pay his bills.

In *Diefenthal v. C.A.B.*, 681 F.2d 1039 (5th Cir.1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983), a case similar to the present one, plaintiffs who had confirmed first class seats in the first class smoking section of the airplane were told that they would have to sit in the no-smoking area if they wished to fly first class. Plaintiffs alleged that in informing them that they could not smoke the flight attendant treated them brusquely, causing them extreme embarrassment, humiliation and emotional distress. The court in dismissing their claims found that the evidence failed to demonstrate that plaintiffs had suffered anything more than a trivial loss. It concluded that to a legal certainty, the brusque refusal by a stewardess to permit a passenger to sit in a particular smoking section, even if the refusal was allegedly intended to humiliate, would not justify a claim for $10,000.00.

Finally, Ramírez alleges that the conduct of Eastern constituted unjust discrimination and subjected him to unreasonable prejudice or disadvantage in respect to other passengers, all in violation of Title 49 U.S.C. 1374(b). Conversely, defendant argues that Section 1374 of Title 49 U.S.C. ceased to exist on January 1, 1983. *See* 49 U.S.C. 1551(a)(2)(B). Since the incident which gives rise to the alleged federal discrimination claim occurred on May 23, 1983, plaintiffs' federal statutory action is allegedly nonexistent as a matter of law. We agree.

Section 1374(b) of Title 49 has definitely been eliminated as of January 1, 1983. Notwithstanding, plaintiffs argue that the relationship between a passenger and an airline is governed by federal law and such common law principles as have been assimilated to federal law, and that under federal common law punitive damages may be awarded.

However, state law determines the nature and extent of the right to be enforced in a diversity case. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). Differently stated, a federal court sitting in diversity must apply the choice of law rules of the forum state. *Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Therefore, Puerto Rico law applies in this case.

Although Puerto Rico law provides for broad recovery for all damage caused through fault or negligence, Civil Code of 1930, § 1802, P.R.Laws Ann. Tit. 31, § 5141 (1968), it does not allow punitive damages. *Ganapolsky v. Park Gardens Development Corp.,* 439 F.2d 844 (1st Cir. 1971); *Carrasquillo v. Lippitt & Simonpietri, Inc.,* 98 P.R.R. 646 (1970). Thus, plaintiffs' claim for punitive damages must be disallowed.

In view of all of the foregoing, we conclude that to a legal certainty any damages plaintiffs may have suffered fall far short of the required jurisdictional amount of over $10,000.00; that the damages claimed in the complaint are without any factual basis, were not claimed in good faith, and were made solely for the purpose of obtaining federal jurisdiction. Therefore, this court has no jurisdiction under 28 U.S.C. § 1332 or under § 1331. Moreover, since the present action does not arise under any federal statute, there is no jurisdiction under 28 U.S.C. § 1337.[1]

Wherefore, defendant's motion for summary judgment is hereby granted and the present action is dismissed.

The clerk shall enter judgment accordingly.

SO ORDERED.

---

1. Section 1337 provides federal jurisdiction over civil actions "arising under any Act of Congress regulating commerce or protecting trade and commerce ..." Term arising under has same meaning as in 28 U.S.C. § 1331. *Maritime Service Corp. v. Sweet Brokerage de Puerto Rico, Inc.,* 537 F.2d 560 (1st Cir.1976).