**Jose R. Delgado de JESUS, et al., Plaintiffs,**

v.

**EASTERN AIR LINES, INC., Defendant.**

Civ. No. 88–0931(PG).

United States District Court, D. Puerto Rico.

March 22, 1989.

---

Angel M. Rivera Munich, San Juan, P.R., for plaintiffs.

Francisco Ponsa Flores, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The matter before the Court is a motion for summary judgment filed by defendant, Eastern Airlines, Inc., ("Eastern") requesting the Court to dismiss the complaint on the ground that the amount in controversy does not reach the required jurisdictional amount. Copies of the depositions of eight plaintiffs are attached to the motion. Plaintiffs have filed their oppositions thereto.

Plaintiffs bring this action against Eastern for damages suffered as a result of an incident which occurred when they were on board an aircraft bound from San Juan, Puerto Rico, to New York. Jurisdiction is invoked pursuant to the diversity of citizenship statute, 28 U.S.C. § 1332.

### Findings of Fact

On June 4, 1987, plaintiffs, except Socorro Cora Rodriguez, boarded Eastern Flight 926 bound to John F. Kennedy Airport in New York. After flying for more than two hours, the aircraft had to make a precautionary emergency landing in Bermuda due to mechanical problems in one of the engines. The passengers had to wait in the aircraft for almost three hours while the mechanics worked on the engine. The aircraft took off from Bermuda to New York. Approximately forty five minutes later the aircraft returned to Bermuda due to the same mechanical problems. The aircraft landed in the early morning hours and all passengers were accommodated in hotels in Bermuda. In the afternoon they boarded another Eastern aircraft which flew them from Bermuda to New York. As a result of this incident, plaintiffs claim that they suffered intense mental anguish which caused damages estimated at $45,000 for each plaintiff.

### Conclusions of Law

The party invoking the Court's jurisdiction bears the burden to show that

the actual amount in controversy exceeds the jurisdictional minimum. *Duchesne v. American Airlines, Inc.,* 758 F.2d 27, 28 (1st Cir.1985), *citing Gibbs v. Buck,* 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939). However, a claim should be dismissed only if it appears "to a reasonable certainty that the claim is really for less than the jurisdictional amount...." *Duchesne, id., quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

In *St. Paul,* the Supreme Court set out what remains the controlling principles guiding a determination of whether or not an action meets the jurisdictional amount.

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less that the jurisdictional amount to justify dismissal.

303 U.S. at 288–89, 58 S.Ct. at 590.

The Court will now examine the amount claimed by plaintiffs according to the good-faith legal certainty standards laid down by the Supreme Court in *St. Paul Mercury Indemnity Co.* case.

■ It must appear to a legal certainty under the state law applicable that the claims asserted are for less than the jurisdictional amount before the claims can be dismissed for want of jurisdictional amount. *Spires v. North Am. Acceptance Corp,* 383 F.2d 745 (5th Cir.1967). As we had previously stated in *Reyes v. Eastern Airlines, Inc.,* 528 F.Supp. 765, 767 (D.P.R. 1981);

The Supreme Court of Puerto Rico has consistently held that in this jurisdiction moral damages, sufferings, and anguishes can be compensated only if plaintiffs show that their emotional condition has been affected substantially. *Duchesne Landrón v. Ruiz Arroyo,* 102 D.P.R. 699, 702 (1974); *Lameiro v. Dávila,* 103 D.P.R. 834, 842 (1978).

Even when the compensation claimed is for mental suffering resulting from the death of a person, the Supreme Court of Puerto Rico has held in *Hernández v. Fournier,* 80 D.P.R. 94, 104 (1957), that "as to the moral damages, it is essential to prove deep moral suffering and anguish, and a passing affliction would not give rise to an action." In *Ramos Rivera v. E.L.A.,* 90 P.R.R. 806 (1964), the Supreme Court of Puerto Rico noted, at page 809, that moral damages shall be compensated only if ..." it is shown how those damages affected the health, welfare, and happiness of the injured...."

■ The present case does not involve physical injuries of any kind, hospitalization, loss of income,[1] nor is there any evidence that plaintiffs have consulted any medical personnel[2] for purposes of diagnosis or treatment as a result of the emotional upset suffered, and no other special damages are alleged. *See Gill v. Allstate Ins. Co.,* 458 F.2d 577, 578–79 (6th Cir.1972); *see also Ramírez de Arellano v. Eastern Air Lines, Inc.,* 629 F.Supp. 189, 191 (D.P.R.1985); *cf. Duchesne v. American Airlines, Inc., supra* (plaintiff appeared to have sustained some physical injury, consulted a number of physicians, and suffered headaches and other symptoms for a considerable period of time).

The depositions taken of the plaintiffs show that they suffered no physical inju-

---

**1.** Co-plaintiffs José Ramón Delgado and Carlos Figueroa de Jesús went to New York to broadcast the Puerto Rican Parade. Although they had inconveniences in broadcasting the parade due to their late arrival in New York, when asked if the delay affected their income in any way, Delgado answered in the affirmative but could not tell how much his income would be affected nor could he give an estimate because he does not keep an account of what he earns.

**2.** Plaintiff Carlos Alberto Figueroa stated in his deposition that he consulted a doctor who is a personal friend of his brother about his having nightmares after the aircraft incident and was advised to take sleeping pills. However, there is no medical record nor was a prescription issued by the doctor.

ry.[3] They were just momentarily emotionally upset, scared and nervous. Plaintiffs have failed to show that their emotional condition has been affected substantially.[4] The jurisdictional amount has not been met by plaintiffs' claim for short-lived nervousness and scare resulting from the aircraft incident. *Cf. Jiménez Puig v. Avis Rent-A-Car System,* 574 F.2d 37, 40 (1st Cir. 1978) (jurisdictional amount not met by a claim for short-lived embarrassment and anger resulting from a car rental clerk's public destruction of plaintiff's credit card); *Turner v. Wilson Line of Massachusetts,* 242 F.2d 414, 418–19 (1st Cir.1957) (jurisdictional amount not met by a claim for compensation for seven to eight hours of headache, weakness, dizziness, nausea and vomiting).

The Court finds to a legal certainty that plaintiffs' claims are really for less than the jurisdictional amount. Once it is clear as a matter of law that the claim is for less than the jurisdictional amount, the Court is required to dismiss. *Burns v. Anderson,* 502 F.2d 970 (5th Cir.1974); *Nelson v. Keefer,* 451 F.2d 289 (3rd Cir.1971); *see also Turner v. Wilson Line, supra.*

In view of the above, the Court hereby GRANTS defendant's motion for summary judgment, and FURTHER ORDERS the DISMISSAL of the complaint.

IT IS SO ORDERED.

---

3. Co-plaintiff Johan Rodríguez Rodríguez stated in her deposition that she suffered hemorrhoidal pain as a result of the panic suffered. However, on further questioning, she stated that she had suffered frequently from hemorrhoids prior to the flight and that she had not seen any doctor for her condition.

4. Where allegations of jurisdictional facts are challenged, plaintiffs must support them with competent proof, including amendment or affidavits, if necessary. *Salazar v. Furr's, Inc.,* 629 F.Supp. 1403 (D.N.M.1986).