**Hector SERRANO and His Wife Nilsa d/b/a Christmas Trees Serrano, Jr., and Their Conjugal Partnership, Plaintiffs,**

v.

**NICHOLSON NURSERY, INC., Defendant.**

**Civ. No. 92–2670CCC.**

United States District Court, D. Puerto Rico.

Feb. 10, 1994.

Miguel A. Maza, Dominguez & Totti, San Juan, P.R., for plaintiff.

Stuart A. Weinstein Bacal, Indiano, Williams & Weinstein–Bacal, San Juan, P.R., for defendant.

## JUDGMENT

CEREZO, Chief Judge.

This action is before us on defendant's Motion to Dismiss (docket entry 4). Having considered the Opposition and reply (docket entries 7 and 9), the report and recommendation of the Magistrate Judge filed on December 20, 1994 (docket entry 13) is hereby ADOPTED.

Accordingly, the Motion to Dismiss is GRANTED and this action is DISMISSED.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, February 9th, 1994.

## MAGISTRATE'S REPORT AND RECOMMENDATION

ARENAS, United States Magistrate Judge.

This action arises out of a contract for the sale of Christmas trees between the defen-

dant Nicholson Nursery, Inc. and plaintiffs. The defendant sold plaintiffs about 525 Christmas trees for $10,315. Plaintiffs allege that, due to defendant's negligence, the cargo was seriously damaged. According to plaintiffs, the material loss consisted of $41,375 and the emotional damages $20,000 for a total of $61,375 in damages.

The defendant moved for dismissal under Fed.R.Civ.P. 12(h) (Docket No. 4) alleging that plaintiffs' claim is for less than the minimum jurisdictional amount "to a legal certainty." It alleges that plaintiffs' prayer for relief regarding the emotional damages was not made in good faith, but in an attempt to confer jurisdiction upon this court.

Plaintiffs opposed (Docket No. 7) alleging that their claim is for a sum certainly larger than the jurisdictional amount. They allege that defendant misinterpreted Puerto Rico applicable law since the production standard which requires a showing "de forma apreciable" means "positively affected" instead of "substantially affected," as defendant argued. They note that only $8,625 in emotional damages are required to meet the jurisdictional amount. They filed a sworn statement in support.

The defendant replied (Docket No. 9) on the issue of the meaning of the phrase "de forma apreciable" and filed copies of dictionary definitions.

■ When entertaining this motion, a hearing on the papers is appropriate. It is well settled that motions do not usually culminate in evidentiary hearings. *Fernández v. Leonard,* 963 F.2d 459, 463 (1st Cir.1992). Even if jurisdictional issues are raised, the court may consider matters outside of the pleadings without holding an evidentiary hearing. *See Gibbs v. Buck,* 307 U.S. 66, 71, 59 S.Ct. 725, 728–29, 83 L.Ed. 1111 (1939); *Miranda v. Miranda,* 686 F.Supp. 44, 45 (D.P.R.1988); *cf. De Jesús v. Eastern Airlines, Inc.,* 708 F.Supp. 470, 471–73 (D.P.R. 1989) (ruling on jurisdictional amount issue considering depositions on the record); *Miranda v. Miranda,* 686 F.Supp. at 45 (ruling on a diversity of citizenship issue relying on depositions and answers to interrogatories). The First Circuit has consistently stated that in certain settings, a matter can adequately be heard on the papers if given the nature and circumstances of the case, the parties had "fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions." *Morales–Feliciano v. Parole Bd. of the Commonwealth of Puerto Rico,* 887 F.2d 1, 6 (1st Cir.1989), *cert. denied,* 494 U.S. 1046, 110 S.Ct. 1511, 108 L.Ed.2d 646 (1990); *Aoude v. Mobil Oil Corp.,* 862 F.2d 890, 894 (1st Cir. 1988). Such is the case here.

When plaintiffs opposed the motion to dismiss, they filed in support a sworn statement made by plaintiffs Héctor Serrano and Nilsa Medina (*see* Docket No. 7, Exhibit). Defendant replied on August 24, 1993. Both parties have had the opportunity to file any supporting documents to aid the court in ruling on this matter.

■ The defendant alleges that this case should be dismissed since the jurisdictional amount is not met. It challenges, specifically, the amount claimed for emotional damages. In actions where jurisdiction is based on diversity of citizenship, a jurisdictional amount of $50,000 dollars is required. *See* 28 U.S.C. § 1332. The non-challenged amount of damages here is $41,375 which fails to meet the minimum. At least $8,625 of the alleged emotional damages must be established at this stage in order to meet the statutory jurisdictional requirement. However, it is hornbook law that a claim can only be dismissed under Fed.R.Civ.P. 12(h) for failure to meet the jurisdictional amount when it appears to a "legal certainty" that, after considering the applicable state law, the claim is really for less than the jurisdictional amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938); *Duchesne v. American Airlines, Inc.,* 758 F.2d 27, 28 (1st Cir.1985); *De Jesús v. Eastern Airlines, Inc.,* 708 F.Supp. at 472.

■ The Supreme Court of Puerto Rico has constantly held that moral damages can only be compensated if plaintiffs show that their emotional condition has been "substantially" affected. Even when mental suffering resulting from the death of a person is alleged, as to moral damages, it is essential to

prove "deep moral suffering and anguish," and a passing suffering would not give rise to an action. *Reyes v. Eastern Airlines, Inc.*, 528 F.Supp. 765, 767 (D.P.R.1981); *see Hernández v. Fournier*, 80 P.R.R. 94, 104 (1957). Although Puerto Rico recognizes moral damages for breach of contract, damages for emotional distress will not be awarded unless evidence establishes that the mental condition of plaintiffs has been considerably affected. Even under the more liberal standard under Puerto Rican tort law, there must still be a showing that in some appreciable measure the health, welfare and happiness of claimant were really affected. *Cruz v. Molina*, 788 F.Supp. 122, 129 (D.P.R.1992); *see De Jesús v. Eastern Airlines, Inc.*, 708 F.Supp. at 472; *Ramos–Rivera v. Commonwealth of Puerto Rico*, 90 P.R.R. 806, 809 (1964).

■ The amount of money appropriated as compensation for pain and suffering cannot be determined by any precise measure or rule. Judgment in this field is necessarily subjective and must rest upon an evaluation of: 1) the severity of the pain suffered; 2) its duration; and 3) its mental consequences. *Reyes v. Eastern Airlines, Inc.*, 528 F.Supp. at 767 (citing *Turner v. Wilson Lines of Massachusetts*, 242 F.2d 414, 419 (1st Cir. 1957)).

■ Once plaintiffs' statement of jurisdictional amount is challenged, then the burden is on plaintiffs to prove the existence of the required jurisdictional amount. *Duchesne v. American Airlines, Inc.*, 758 F.2d at 28 (citing *Gibbs v. Buck*, 307 U.S. at 72, 59 S.Ct. at 729); *De Jesús v. Eastern Airlines, Inc.*, 708 F.Supp. at 471–72.

■ In order to meet their burden of establishing jurisdictional amount, plaintiffs filed a sworn statement made by Héctor Serrano and Nilsa Medina. In relation to emotional suffering, they state:

Although we are engaged in different professions we, with plenty of sacrifices, have been able year after year to save certain amount of money in order to engage as a side income in the resale of [C]hristmas trees during the holiday season.

That during the 1991 [sic] we were able to save some money in order to purchase some [C]hristmas trees from different farms in the mainland. We utilized all our savings from that year to purchase the aforementioned trees with the intention of reselling them during said season.

... We have read the Reply to Motion to Dismiss in the case at bar prepared by our legal representative and we recognized [sic] that the information therein contained is true including the estimate of our damage for mental distress.

Docket No. 7, Sworn Statement, paras. 3, 4 and 9, at 1–2.

This affidavit fails to show that in some appreciable measure, plaintiffs' health, welfare and happiness were really affected, nor that plaintiff suffered "deep moral" damages. There is no assertion regarding the severity of the pain, its duration and its emotional consequences. There is no evidence or allegation about having suffered physical injuries, hospitalization, consultations with any medical personnel for purposes of diagnosis or treatment as a result of the suffering. This affidavit just includes conclusory allegations regarding the effort plaintiffs made to save money to buy the Christmas trees. The only specific reference to emotional damages is where they state that they agree with the estimate amount of emotional damages in the opposition to the motion to dismiss. I can only conclude that plaintiffs failed to meet their burden of establishing emotional damages, and therefore, the existence of the required jurisdictional amount. *Cf. De Jesús v. Eastern Airlines, Inc.*, 708 F.Supp. at 472–73 (considering absence of physical injuries, hospitalization, loss of income, or evidence that plaintiffs consulted any medical personnel for purposes of diagnosis or treatment as a result of the emotional upset suffered when finding that, to a legal certainty, plaintiffs' claims are really for less than the jurisdictional amount); *Ramírez de Arellano v. Eastern Air Lines, Inc.*, 629 F.Supp. 189, 190 (D.P.R.1985) (finding that plaintiffs failed to meet their burden since their assertions of mental anguish and humiliation were "conclusory at best," and the case did not involve physical injuries, hospitalization, loss of in-

come, nor there was any evidence that plaintiffs consulted any medical personnel).

In view of the above, I recommend that defendant's motion to dismiss (Docket No. 4) be granted and that this case be dismissed.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Borden v. Secretary of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

At San Juan, Puerto Rico, this 20th day of December, 1993.