[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-1903

JOSE M. APONTE, ET AL.,

Plaintiffs, Appellees,

v.

MARTHA TABARES, D/B/A MANHATTAN HOLDING COMPANY, ET AL.,

Defendants, Appellees.

 

DELIA ESTHER RIVERA-PEREZ, D/B/A MANHATTAN HOLDING COMPANY,
D/B/A TRADING CAPITAL INTERNATIONAL CORP.,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges. 



Carlos M. Mangual Lopez on brief for appellant. 
Frank D. Inserni on brief for appellees. 



May 8, 1997


Per Curiam. Delia E. Rivera-Perez ("Rivera") 

appeals from a judgment entered after a jury verdict in favor

of plaintiffs on their fraud claims. We have carefully

considered her arguments on appeal and determined that they

are without merit.

I. Subject Matter Jurisdiction 

Appellant challenges the federal district court's

subject matter jurisdiction on the ground that plaintiffs

failed to satisfy the jurisdictional amount in controversy

requirement. Limits on subject matter jurisdiction are not

waivable and, therefore, may be raised at any time. 15 James

Wm. Moore, et al., Moore's Federal Practice 102.13 (3d ed. 

1997). "For the purposes of establishing diversity

jurisdiction, the amount in controversy is determined by

looking to the circumstances at the time the complaint is

filed." Coventry Sewage Assocs. v. Dworkin Realty Co., 71 

F.3d 1, 4 (1st Cir. 1995). Therefore, "the jurisdictional

amount test is not dependent upon the amount actually

recovered by plaintiff." 14A Charles A. Wright, Arthur R.

Miller & Edward H. Cooper, Federal Practice and Procedure  

3702 at 31 (1985).

In a case like this one where a defendant has

challenged plaintiffs' allegations concerning the amount in

controversy, "the plaintiff must produce sufficient evidence

to meet the requirements of the 'legal certainty' test by a

-2-

preponderance of the evidence supported by competent proof.

'Competent proof' has been defined as proof to a reasonable

probability that jurisdiction exists." 15 Moore's Federal 

Practice, supra, 102.107[1]. Under the legal certainty 

test, plaintiffs must establish "that it does not appear to a 

legal certainty that the claim is below the jurisdictional 

minimum." Id., 102.106[1]. 

We assume for purposes of this appeal that these

plaintiffs' claims cannot be aggregated for purposes of

calculating the requisite jurisdictional amount. See 15 

Moore's Federal Practice, supra, 102.108[3][b]. We have 

included claims for damages for pain and suffering in the

calculation. Pain and suffering damages are recognized under

Puerto Rico tort and contract law. See Serrano v. Nicholson 

Nursery, Inc., 844 F. Supp. 73, 76 (D. Puerto Rico, 1994). 

We conclude that each plaintiff met his burden of

demonstrating that it does not appear to a legal certainty

that his claim is below $50,000.

II. Judgment as a Matter of Law and Failure 
to State a Claim 

Appellant argues that the district court erred in

denying her motion pursuant to Fed. R. Civ. P. 50, for

judgment as a matter of law where "there is no legally

sufficient evidentiary basis for a reasonable jury to find

for that party on that issue." In reviewing the denial of a

motion for judgment as a matter of law, we review the record

-3-

to determine whether it "provides an adequate evidentiary

basis for the district court's decision to submit the matter

to the jury." Santiago Hodge v. Parke Davis & Co., 909 F.2d 

628, 634 (1st Cir. 1990). Without the trial transcripts,

which appellant has not provided, this court cannot make that

determination. Therefore, appellant is not entitled to

relief on the ground that the district court erred in denying

her motion for judgment as a matter of law.1 See Valedon 1 

Martinez v. Hospital Presbiteriano de la Comunidad, Inc., 806 

F.2d 1128, 1135 (1st Cir. 1986) (this court will not review a

claim of error if appellant has failed to include a

transcript of the pertinent proceedings in the record on

appeal).

Appellant argued in her motion to dismiss, as she

does on appeal, that the complaint failed to state a claim

against her for fraud or breach of contract. She argued that

she was not a party to the contracts between MHC and

plaintiffs and, therefore, was not liable thereon. She

further contended that "in the absence of contractual

obligation a party cannot be charged with fraud." The

elements of a fraud claim under Puerto Rico law are 1) a

false representation by defendant, (2)the plaintiff's

 

1 Similarly, Rivera's claim that, as a matter of law, co- 1
plaintiff Carlos Fernandez "did not have a cause of action
against Delia Rivera based on his testimony [at trial],"
cannot be reviewed without the trial transcripts.

-4-

reasonable and foreseeable reliance thereon, injury to

plaintiff from his reliance, and (4) intent to defraud by

plaintiff. See Wadsworth, Inc. v. Schwarz-Nin, 951 F. Supp. 

314, 323 (D. Puerto Rico 1996). The complaint sufficiently

alleged each of the required elements.

III. Attachment 

We affirm the district court's order dated August

1, 1995 essentially for the reasons stated therein. We add

only the following comments concerning appellant's arguments

on appeal that the bond amount was insufficient and that the

hearing was inadequate because no evidence was introduced. 

Under Rule 56.3 of the Puerto Rico Rules of Civil

Procedure, P.R.Laws Ann. Tit. 32, App. III, the amount of a

bond to support an ex parte attachment must be "sufficient to

secure all damages arising from the remedy." P.R.R. Civ. P.

56.3. The Supreme Court of Puerto Rico has cautioned that

"the amount [of an attachment bond] should not be so

excessive as to thwart the plaintiffs' purpose of securing

the effectiveness of the judgment to be timely rendered."

Conjugal Partnership v. Rodriguez, 116 D.P.R. 463 (1985). 

Moreover, "the amount of the bond would always be subject to

change if the defendant could show that the damage the

attachment causes him exceeds the amount of the bond." Id. 

Appellant did not object to the amount of the bond until the

hearing requested by plaintiffs and she did not seek to

-5-

introduce any evidence to demonstrate that the amount of the

bond was inadequate to cover potential damages from the

attachment. Under these circumstances, the district court

did not err in setting the amount of the bond at $20,000.

Appellant argues that the post-attachment hearing

was inadequate because it was not a full evidentiary hearing.

From the minutes of the hearing, it appears that Rivera did

not request the opportunity to present evidence or object to

plaintiffs' failure to present evidence. Rule 56.5 of the

Puerto Rico Rules of Civil Procedure does not require a full

evidentiary hearing. Cf. HMG Property Investors v. Parzue 

Indus. Rio Canas, 847 F.2d 908, 914 (1st Cir. 1988) (holding 

that Rule 56.2 "requires notice and a fair chance to marshal

supporting facts and theories -- nothing more"). Appellant

still has not explained what evidence ought to have been

presented and how it would have changed the outcome of the

attachment hearing. 

The district court order affirming the attachment

order is affirmed. The district court judgment in favor of 

plaintiffs dated June 10, 1996, is affirmed. See Loc. R. 

27.1.

-6-