USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1903 JOSE M. APONTE, ET AL., Plaintiffs, Appellees, v. MARTHA TABARES, D/B/A MANHATTAN HOLDING COMPANY, ET AL., Defendants, Appellees.  ____________ DELIA ESTHER RIVERA-PEREZ, D/B/A MANHATTAN HOLDING COMPANY, D/B/A TRADING CAPITAL INTERNATIONAL CORP., Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Carlos M. Mangual Lopez on brief for appellant. _______________________ Frank D. Inserni on brief for appellees. ________________ ____________________ May 8, 1997 ____________________ Per Curiam. Delia E. Rivera-Perez ("Rivera") ___________ appeals from a judgment entered after a jury verdict in favor of plaintiffs on their fraud claims. We have carefully considered her arguments on appeal and determined that they are without merit. I. Subject Matter Jurisdiction ___________________________ Appellant challenges the federal district court's subject matter jurisdiction on the ground that plaintiffs failed to satisfy the jurisdictional amount in controversy requirement. Limits on subject matter jurisdiction are not waivable and, therefore, may be raised at any time. 15 James Wm. Moore, et al., Moore's Federal Practice 102.13 (3d ed. ________________________ 1997). "For the purposes of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time the complaint is filed." Coventry Sewage Assocs. v. Dworkin Realty Co., 71 ________________________ ___________________ F.3d 1, 4 (1st Cir. 1995). Therefore, "the jurisdictional amount test is not dependent upon the amount actually recovered by plaintiff." 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure  _______________________________ 3702 at 31 (1985). In a case like this one where a defendant has challenged plaintiffs' allegations concerning the amount in controversy, "the plaintiff must produce sufficient evidence to meet the requirements of the 'legal certainty' test by a -2- preponderance of the evidence supported by competent proof. 'Competent proof' has been defined as proof to a reasonable probability that jurisdiction exists." 15 Moore's Federal ________________ Practice, supra, 102.107[1]. Under the legal certainty ________ _____ test, plaintiffs must establish "that it does not appear to a ___ legal certainty that the claim is below the jurisdictional _____ minimum." Id., 102.106[1]. ___ We assume for purposes of this appeal that these plaintiffs' claims cannot be aggregated for purposes of calculating the requisite jurisdictional amount. See 15 ___ Moore's Federal Practice, supra, 102.108[3][b]. We have _________________________ _____ included claims for damages for pain and suffering in the calculation. Pain and suffering damages are recognized under Puerto Rico tort and contract law. See Serrano v. Nicholson ___ _______ _________ Nursery, Inc., 844 F. Supp. 73, 76 (D. Puerto Rico, 1994). ______________ We conclude that each plaintiff met his burden of demonstrating that it does not appear to a legal certainty that his claim is below $50,000. II. Judgment as a Matter of Law and Failure _________________________________________ to State a Claim ___ _____________ Appellant argues that the district court erred in denying her motion pursuant to Fed. R. Civ. P. 50, for judgment as a matter of law where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." In reviewing the denial of a motion for judgment as a matter of law, we review the record -3- to determine whether it "provides an adequate evidentiary basis for the district court's decision to submit the matter to the jury." Santiago Hodge v. Parke Davis & Co., 909 F.2d ______________ __________________ 628, 634 (1st Cir. 1990). Without the trial transcripts, which appellant has not provided, this court cannot make that determination. Therefore, appellant is not entitled to relief on the ground that the district court erred in denying her motion for judgment as a matter of law.1 See Valedon 1 ___ _______ Martinez v. Hospital Presbiteriano de la Comunidad, Inc., 806 ________ ____________________________________________ F.2d 1128, 1135 (1st Cir. 1986) (this court will not review a claim of error if appellant has failed to include a transcript of the pertinent proceedings in the record on appeal). Appellant argued in her motion to dismiss, as she does on appeal, that the complaint failed to state a claim against her for fraud or breach of contract. She argued that she was not a party to the contracts between MHC and plaintiffs and, therefore, was not liable thereon. She further contended that "in the absence of contractual obligation a party cannot be charged with fraud." The elements of a fraud claim under Puerto Rico law are 1) a false representation by defendant, (2)the plaintiff's  ____________________ 1 Similarly, Rivera's claim that, as a matter of law, co- 1 plaintiff Carlos Fernandez "did not have a cause of action against Delia Rivera based on his testimony [at trial]," cannot be reviewed without the trial transcripts. -4- reasonable and foreseeable reliance thereon, injury to plaintiff from his reliance, and (4) intent to defraud by plaintiff. See Wadsworth, Inc. v. Schwarz-Nin, 951 F. Supp. ___ _______________ ___________ 314, 323 (D. Puerto Rico 1996). The complaint sufficiently alleged each of the required elements. III. Attachment __________ We affirm the district court's order dated August 1, 1995 essentially for the reasons stated therein. We add only the following comments concerning appellant's arguments on appeal that the bond amount was insufficient and that the hearing was inadequate because no evidence was introduced.  Under Rule 56.3 of the Puerto Rico Rules of Civil Procedure, P.R.Laws Ann. Tit. 32, App. III, the amount of a bond to support an ex parte attachment must be "sufficient to secure all damages arising from the remedy." P.R.R. Civ. P. 56.3. The Supreme Court of Puerto Rico has cautioned that "the amount [of an attachment bond] should not be so excessive as to thwart the plaintiffs' purpose of securing the effectiveness of the judgment to be timely rendered." Conjugal Partnership v. Rodriguez, 116 D.P.R. 463 (1985). _____________________ _________ Moreover, "the amount of the bond would always be subject to change if the defendant could show that the damage the attachment causes him exceeds the amount of the bond." Id. ___ Appellant did not object to the amount of the bond until the hearing requested by plaintiffs and she did not seek to -5- introduce any evidence to demonstrate that the amount of the bond was inadequate to cover potential damages from the attachment. Under these circumstances, the district court did not err in setting the amount of the bond at $20,000. Appellant argues that the post-attachment hearing was inadequate because it was not a full evidentiary hearing. From the minutes of the hearing, it appears that Rivera did not request the opportunity to present evidence or object to plaintiffs' failure to present evidence. Rule 56.5 of the Puerto Rico Rules of Civil Procedure does not require a full evidentiary hearing. Cf. HMG Property Investors v. Parzue ___ ________________________ ______ Indus. Rio Canas, 847 F.2d 908, 914 (1st Cir. 1988) (holding _________________ that Rule 56.2 "requires notice and a fair chance to marshal supporting facts and theories -- nothing more"). Appellant still has not explained what evidence ought to have been presented and how it would have changed the outcome of the attachment hearing.  The district court order affirming the attachment order is affirmed. The district court judgment in favor of ________ plaintiffs dated June 10, 1996, is affirmed. See Loc. R. ________ ___ 27.1. -6-