**Carmen Hilda DUCHESNE,
Plaintiff, Appellant,**

v.

**AMERICAN AIRLINES, INC.,
Defendant, Appellee.**

**No. 84–1831.**

United States Court of Appeals,
First Circuit.

Heard Feb. 4, 1985.
Decided March 29, 1985.

**28**

Charles A. Cordero, Old San Juan, P.R., with whom Cordero, Colon & Miranda, Old San Juan, P.R., was on brief for plaintiff, appellant.

Francisco Ponsa-Flores, San Juan, P.R., with whom Francisco Ponsa-Feliu, Edda Ponsa-Flores and Lawrence E. Duffy, San Juan, P.R., were on brief for defendant, appellee.

Before COFFIN, Circuit Judge, WIS-DOM,* Senior Circuit Judge and BOWNES, Circuit Judge.

* Of the Fifth Circuit, sitting by designation.

COFFIN, Circuit Judge.

Appellant challenges the dismissal of her tort claim. She contends that the district court erred by concluding that she had not established that the actual amount in controversy could exceed $10,000, as is required under 28 U.S.C. § 1332(a). Having carefully reviewed the record, we find ourselves in agreement with appellant.

It is the claimant's burden to show that the actual amount in controversy exceeds the jurisdictional minimum. *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939). However, a claim should be dismissed only if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount...." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). The problem in a tort case such as this one, involving a substantial claim for pain and suffering, is that it is very difficult to "be legally certain" that the jurisdictional limit is not met. C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3707, at 464 (1976).

The court below in reaching its conclusion that this difficult standard had been met considered not only the pleadings but also considerable documentary evidence including appellant's deposition. Reviewing all the evidence and giving appellant the benefit of the doubt on all matters where there is an issue of credibility, *Jiminez Puig v. Avis Rent-A-Car System*, 574 F.2d 37, 40 (1st Cir.1978), we find the significant facts to be the following.

Appellant, Carmen Hilda Duchesne, was injured on June 29, 1983, while enroute from New Jersey to Puerto Rico in an airplane owned and operated by appellee, American Airlines, Inc. The injury occurred when a flight attendant opened an overhead luggage bin and caused a metal luggage carrier to fall and strike Duchesne on her head. Although no one who subsequently treated Duchesne observed any cuts or swelling, Duchesne herself recalls

feeling some swelling. She cannot recall whether or not she lost consciousness, but she remembers that within minutes of the accident she felt dizzy and nauseous and developed a headache. A flight attendant gave her aspirin and an ice pack.

Upon her arrival in Puerto Rico, Duchesne was seen first by an American Airlines nurse at the airport and then by a doctor at a local hospital. Her symptoms during the next 24 hours included repeated vomiting, for which she was given an injection the day after she arrived, and continued dizziness and headaches. The doctor diagnosed a "concussion and paravertebral muscle spasm".[1]

Over the next ten months she continued to complain of headaches, pain in the right shoulder and neck, and dizziness. Subsequent diagnoses by examining physicians yielded negative X-ray and EEG results but also findings of tenderness behind the right mastoid, spasms of the right trapezius upon palpation, and limitation in neck flexion and left rotation. Overall then there is sufficient evidence to make out a prima facie showing that Duchesne sustained an initial concussion of the brain and suffered pain and discomfort for some time thereafter.

Her medical expenses are admittedly negligible, probably no more than $250.[2] In addition, though, there is evidence that her injury caused her to delay the opening of her flower shop and that the consequent loss of earnings was as much as $2,000. Although the airline has suggested that part of these earnings would have gone to Duchesne's business partner, she has made a strong enough showing, for purposes of this motion, to support her claim for the full amount.

We are left then with the question of whether it is legally certain that she will be able to prove no more than $7,750 in pain

and suffering ($10,000 minus $2,250, i.e., the maximum amount she can expect to receive for lost earnings and medical expenses). Our conclusion is that while it seems unlikely that she will recover so much, we cannot say that it is legally certain.

Our conclusion is supported by contrasting the major cases relied upon by American Airlines with this case. In *Jimenez Puig v. Avis Rent-A-Car System*, 574 F.2d at 40, we held that the jurisdictional amount was not met by a claim for short-lived embarrassment and anger resulting from a car-rental clerk's public destruction of plaintiff's credit card and announcement that he had failed to pay his bills. In *Turner v. Wilson Line of Massachusetts*, 242 F.2d 414, 418–19 (1st Cir.1957), we dismissed a claim for compensation for seven to eight hours of headache, weakness, dizziness, nausea, and vomiting. Finally, in *Gill v. Allstate Insurance Company*, 458 F.2d 577, 578–79 (6th Cir.1972), the Court of Appeals for the Sixth Circuit dismissed two plaintiffs' claims for emotional "upset" on the grounds that there was no evidence to link the alleged injury to defendant's purported offensive activity and no evidence that plaintiffs had consulted any medical personnel for diagnosis or treatment. By contrast, Duchesne appears to have sustained some physical injury, consulted a number of physicians, and suffered headaches and other symptoms for a considerable period of time.

While some of what she alleges may be contradicted at trial, her case depends substantially upon the extent to which the jury believes her claim of pain and suffering. While proving the claim may be extremely difficult, it is not "a legal certainty that the claim is really for less than the jurisdiction-

---

1. The fact that none of the physicians who subsequently saw her confirmed this finding does not mean that a jury could not reasonably believe the initial diagnosis.

2. The airline has already paid most of Duchesne's medical expenses. The balance of $500 was incurred when she twice visited a doctor who was recommended by her attorney. Since she admits that these visits were in part health-related and in part litigation-related, no more than a half can fairly be viewed as a medical expense.

al amount" [3], *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. at 289, 58 S.Ct. at 590.

*Accordingly, the district court's decision to dismiss this case is reversed.*

**3.** Of course, if Duchesne's subsequent recovery is less than the jurisdictional amount, the district court may deny costs to her, or impose them upon her. 28 U.S.C. § 1332(b).