**William TOBIE and Marie Tobie, Plaintiffs,**

v.

**DON PEPE CORPORATION, INC., et al., Defendants.**

Civ. No. 85–1297 HL.

United States District Court,
D. Puerto Rico.

June 2, 1986.

Blas C. Herrero, Jr., Hato Rey, P.R., for plaintiffs.

Amancio Arias Guardiola, Arias Cestero and Arias Guardiola, Santurce, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs, William Tobie and Marie Tobie, filed this claim against defendants, Don Pepe Corp. and Royal Insurance Co., for damages incurred when plaintiffs discovered a cockroach in the meal they were served at defendant's restaurant. Jurisdiction is founded on diversity of citizenship, 28 U.S.C. sect. 1332. Plaintiffs are citizens of the State of New Jersey and defendants, Don Pepe Corp. and Royal Insurance Co., are corporations organized under laws other than the laws of the State of New Jersey and are doing business in the Commonwealth of Puerto Rico. Plaintiffs claim the amount in controversy exceeds the sum of ten thousand dollars ($10,000), exclusive of interest and costs. Defendants have filed a Motion to Dismiss for lack of diversity jurisdiction claiming plaintiffs failed to state a claim for which the amount in controversy exceeds $10,000.

On June 20, 1984 plaintiffs, William and Marie Tobie, visited Don Pepe Restaurant in Santurce, Puerto Rico. Marie Tobie ordered a crab dish served in a white creamy sauce. After having eaten most of her meal Marie Tobie passed her plate to her husband, William Tobie. While trying the crab meat Mr. Tobie discovered a "big, flat, roach, legs extended" in the creamy sauce. Upon telling the headwaiter about the roach, plaintiffs claim to have been treated rudely by the restaurant's management.

Plaintiffs claim this incident revolted their stomachs and caused them shock, embarrassment, disgust and humiliation. Upon leaving the restaurant they claim to have become sick to their stomachs and to have vomited. The following day they were unable to eat. For the remainder of their stay in Puerto Rico, until June 24, 1984, they were unable to eat at any restaurant and remained in their hotel.

On June 22, 1984 plaintiffs claim to have gone to the emergency room at San Jorge Hospital. There they were prescribed medication to relieve their upset stomachs. Apparently, a month after the incident plaintiff, Marie Tobie, claims to have broken out in a rash and developed a series of cysts around her mouth which her doctors attribute to the experience of discovering a roach in her food. Plaintiffs submitted doctors bills in the amount of $410 for treatment of the cysts.

Though plaintiff has the burden of showing that the amount in controversy exceeds the jurisdictional minimum, *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939), plaintiffs' claim may be dismissed only if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount ..." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). This case presents the same problem as presented in *Duchesne v. American Airlines, Inc.*, 758 F.2d 27 (1st Cir.1985). In a tort claim, such as this one, involving a substantial claim for physical and mental pain and suffering it is very difficult to "be

legally certain" that the jurisdictional limit is not met. *Duchesne, supra,* at 28; C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* sect. 3707 at 464 (1976).

In *Duchesne,* plaintiff was injured when a flight attendant opened an overhead bin causing a metal luggage carrier to fall and hit plaintiff's head. Although plaintiff's medical expenses were negligible, $250.00, and her loss of income at most $2,000, she testified that she suffered from headaches and other symptoms for a considerable period of time. The First Circuit found that plaintiff's case depended substantially upon the extent to which the jury believes plaintiff's claims for pain and suffering. It concluded "while proving the claim may be extremely difficult, it is not 'a legal certainty that the claim is really for less than the jurisdictional amount.'" *Duchesne, supra,* at 28.

Following this First Circuit precedent, we find that plaintiffs' claims are matters to be assessed by the trier of fact following a presentation of the evidence. It is not the role of the Court at this stage of litigation to prejudge plaintiffs' claim based on the scant evidence presented. We agree that it seems unlikely plaintiffs will recover in excess of $10,000,[1] but we cannot say that it is "legally certain."

Defendants' Motion to Dismiss is DENIED. The Court will entertain a motion for costs by defendant against plaintiffs in the event plaintiffs are adjudged to be entitled to recover less than the sum of $10,000.

IT IS SO ORDERED.

---

**1.** Plaintiffs are reminded that their claims may not be aggregated for the purpose of establishing the jurisdictional minimum. *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* sect. 3704.