977 F.2d 573
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glenn T. MOCH; Sylvia L. Moch, Plaintiffs-Appellants,
v.
ASHEVILLE HOTEL ASSOCIATES, LIMITED, A North Carolina
Limited Partnership, d/b/a Sheraton Inn,
Defendant-Appellee.
 No. 91-1209.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 15, 1992
Decided: October 22, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville.
 R. Lee Dorough, Whitaker, Dorough and Whitaker, Orlando, Florida, for Appellants.
 Elizabeth W. Warren, Vernon S. Pulliam, Roberts, Stevens & Cogburn, P.A., Asheville, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Glenn T. and Sylvia L. Moch appeal from the order of the district court dismissing with prejudice their personal injury action for lack of subject matter jurisdiction. We agree with the district court that the Mochs failed to establish the amount in controversy required for diversity jurisdiction; however, because the court lacked subject matter jurisdiction over the claim, the dismissal should have been without prejudice. Accordingly, we affirm the decision of the district court to dismiss the claim as modified for a dismissal without prejudice.
 
 
 2
 After visiting the hotel lounge at the Sheraton Inn in Asheville, North Carolina, Glenn T. Moch became involved in an altercation with another alleged patron of the lounge. Moch sustained a lacerated upper lip and some loosening of his teeth from the fight. Medical bills for the injuries totalled $1312.75.
 
 
 3
 Moch and his wife, Sylvia, filed a complaint in federal district court in Florida against Defendant Asheville Hotel Associates, Inc., claiming that Mr. Moch suffered more than $50,000 in damages from his injury and that Mrs. Moch experienced loss of consortium, sustaining damages of more than $50,000. Later the case was transferred to federal district court in North Carolina. At the calendar call, a question arose concerning subject matter jurisdiction. Defendant then filed a motion to dismiss alleging that the Mochs failed to establish the requisite amount in controversy to establish federal subject matter jurisdiction. After considering the parties' memoranda of law, the district court granted Defendant's motion and dismissed the Mochs's complaint for lack of subject matter jurisdiction, reserving jurisdiction for ninety days to enable the Mochs to transfer the action to state court. When the Mochs failed to make such a transfer within ninety days,[1] the district court dismissed the action with prejudice. The Mochs timely appealed.
 
 
 4
 The Mochs's complaint asserts no federal question. Therefore, in order to bring this action in federal court, the Mochs must establish federal diversity jurisdiction. Under 28 U.S.C.s 1332(a) (1988), to establish diversity jurisdiction, plaintiffs and defendants must be diverse and the amount in controversy must exceed $50,000. Congress imposed an amount in controversy requirement to limit the number of diversity cases in federal court. See Herlihy v. Ply-Gem Indus., Inc., 752 F. Supp. 1282, 1285 (D. Md. 1990) (Congress raised amount in controversy to $10,000 to help reduce growing federal case load). Because Mr. and Mrs. Moch assert separate and distinct claims, Mr. Moch for personal injury and Mrs. Moch for loss of consortium, each must individually meet the jurisdictional requirement. Snyder v. Harris, 394 U.S. 332, 335 (1969).
 
 
 5
 In general, the damages claimed by the plaintiff in his complaint are controlling in determining whether the jurisdictional amount is satisfied, if the claim is made in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); Patrick v. Sharon Steel Corp., 549 F. Supp. 1259, 1261 (N.D.W. Va. 1982). "However, where a Plaintiff's allegations of jurisdictional facts are challenged, the Plaintiff must support them by competent proof." Sharon Steel Corp., 549 F. Supp. at 1261 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). In St. Paul Mercury Indem. Co., the Supreme Court expressed the test for determining whether the jurisdictional amount has been satisfied:
 
 
 6
 [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.
 
 
 7
 303 U.S. at 289 (footnote omitted). See Wiggins v. North America Equitable Life Assurance Co., 644 F.2d 1014, 1017 (4th Cir. 1981).
 
 
 8
 The Mochs claim in their complaint that each is entitled to damages exceeding $50,000. Because the jurisdictional amount was challenged, however, the Mochs had to support their claim with competent proof. When Defendant filed the motion to dismiss, the Mochs, on the record before this Court, did not provide any additional proof of their damages. The only evidence concerning damages is found in Mr. Moch's response to Defendant's discovery requests. In his response to interrogatories, Mr. Moch stated that he incurred $1312.75 in medical bills and that the scar and numbness he experiences from his injury cause him embarrassment. The only proof provided in support of Mrs. Moch's claim for damages is her husband's statement that he "was unable to have a normal relationship with [his] wife for an extended amount of time due to [his] pain and discomfort" and that she still notices his scar.
 
 
 9
 In this case, Mr. Moch incurred medical expenses of less than $1400. The only proof he offers in support of his claim that he is entitled to more than $50,000 in damages is his statement that he is embarrassed by the scar and numbness he experiences from the injury. It appears to a legal certainty that Mr. Moch's claim is for less than $50,000 because even if he recovered the full $1312.75 for medical expenses, he could not recover in excess of $48,687.25 for the embarrassment caused by numbness and his scar. If a jury awarded him such a sum, the award would be so excessive the district court could order a remittitur.[2] See Burns v. Anderson, 502 F.2d 970 (5th Cir. 1974); Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971).
 
 
 10
 Mrs. Moch's damages are even less substantial. First, like Mr. Moch, she failed to provide any proof of her damages when Defendant filed a motion to dismiss. Second, the only evidence of her damages is her husband's statement that she notices his scar and that he was unable to engage in a "normal relationship" with her for an "extended period" after the incident. The Mochs did not elaborate on what constitutes a normal relationship or an extended period of time. It is apparent to a legal certainty that Mrs. Moch could not recover more than $50,000 for noticing a lip scar and deprivation of an indeterminate relationship with her husband for a finite time period.
 
 
 11
 The Mochs rely on Duchesne v. American Airlines, Inc., 758 F.2d 27 (1st Cir. 1985), to support their argument that they established the jurisdictional amount for diversity jurisdiction. In Duchesne, plaintiff airline passenger sued American Airlines, Inc., for injuries sustained when a stewardess opened an overhead luggage compartment, causing a metal luggage carrier to fall onto plaintiff's head. Plaintiff experienced pain and dizziness for ten months and sustained no more than $250 in medical expenses and lost earnings of no more than $2000. Thus, to establish federal diversity jurisdiction at the time, the court had to determine whether it was legally certain that plaintiff would recover less than $7750 for pain and suffering. The First Circuit determined that "while it seems unlikely that she will recover so much, we cannot say that it is legally certain." Id. at 29. The court reached its decision by contrasting plaintiff's injuries with cases in which federal jurisdiction was denied for shorter term injuries and injuries that could not be linked to the alleged wrongful conduct.
 
 
 12
 Duchesne has not been followed by any court outside the First Circuit. Furthermore, as stated earlier, where the amount in controversy is challenged, a plaintiff must provide compelling proof of his damages. Here, the Mochs provided no such proof. To follow Duchesne in the manner suggested by the Mochs and hold that it cannot be found to a legal certainty that the Mochs could not recover more than $50,000 even though they provided no substantial proof of damages would open the floodgates to permit any litigant to proceed in federal court merely by baldly claiming over $50,000 in damages. Such an approach would defeat the legislative purpose in imposing an amount in controversy in federal cases.
 
 
 13
 It appears to a legal certainty that neither Mr. nor Mrs. Moch could recover in excess of $50,000 for the injuries they allege. Although they had an opportunity to present more evidence when Defendant moved to dismiss on the grounds of insufficient amount in controversy, they failed to do so. Accordingly, they failed to meet the amount in controversy requirement for diversity jurisdiction. We therefore affirm the district court's dismissal of the Mochs' complaint as modified for a dismissal without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The Mochs state that they did not transfer the case to state court because the statute of limitations had run and North Carolina law precludes a transfer from federal court to state court after expiration of the limitations period
 
 
 [2]
 It is well established that where a jury awards excessive damages in a diversity suit based on a common law cause of action, the district court may "set aside the excessive verdict by granting a new trial or a new trial nisi remittitur." Defender Indus., Inc. v. Northwestern Mut. Life Ins. Co., 938 F.2d 502, 505 (4th Cir. 1991)