Jaime A. TIRADO–TORO, Plaintiff,

v.

BUILDER'S SQUARE, INC. and ABC Insurance Company, Defendants.

No. Civ. 97–1570(JAF).

United States District Court, D. Puerto Rico.

Dec. 10, 1997.

Maria Del Mar Ortiz, Ortiz Toro & Ortiz Brunet, San Juan, PR, for Plaintiff.

Eileen Landron Guardiola, Ramirez Lavandero, Landron & Vera, San Juan, PR, for Defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Jaime A. Tirado–Toro, brings this suit against Defendant Builder's Square, Inc., for personal injury alleged to be the result of Defendant's negligence in maintenance of its store. Plaintiff invokes this court's jurisdiction pursuant to 28 U.S.C. § 1332 in that (1) Plaintiff is a citizen of Puerto Rico; (2) Defendant is a citizen of a place other than Puerto Rico, as it has a business in the state of Texas; (3) and the alleged damages suffered are in the amount of $80,000. Defendant moves to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, alleging that the amount of damages is below the jurisdictional amount of $75,000. *See* 28 U.S.C. § 1332.

### I.

Plaintiff alleges that on October 27, 1996, while walking beneath an aluminum tent where Defendant sold tiles, he tripped over a wood crane supporting the tiles and hit his head on the edge of the aluminum tent. Plaintiff alleges that employees brought him a wheel chair and first-aid kit, neither of which he used, but did not fill out an accident report or call an ambulance. A friend drove Plaintiff to Hospital El Maestro, where Dr. Martínez gave him fourteen stitches and ordered an X-ray. The following day, Plaintiff returned to Hospital El Maestro complaining of headaches. Hospital personnel gave him a tetanus shot and Bactroban Ointment.

Plaintiff alleges that he suffered great physical and emotional pain as a result of this accident.

## II.

■ "For the purpose of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time the complaint is filed." *Coventry Sewage Assoc. v. Dworkin Realty Co.,* 71 F.3d 1 (1st Cir.1995) (citing *Thesleff v. Harvard Trust Co.,* 154 F.2d 732 n. 1 (1st Cir.1946)). *See also Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989) (noting that for determining diversity of citizenship, "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed").

■ The sum the plaintiff claims will control if it is apparently made in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). It must appear to a legal certainty that the claim is actually for less than the jurisdictional amount to justify dismissal. *Id.* If, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, the suit will be dismissed. *Id.* That a claim might be difficult to prove does not automatically make it a "legal certainty" that it is for less than the jurisdictional amount. *Duchesne v. American Airlines, Inc.,* 758 F.2d 27, 29 (1st Cir.1985).

■ The claimant carries the burden of showing that the actual amount in controversy exceeds the jurisdictional minimum. *Duchesne,* 758 F.2d at 28 (citing *Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)). The party who invokes federal jurisdiction carries the burden of proving its existence. *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir.), *cert. denied,* 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993).

■ Determining good faith in the amount-in-controversy context includes an objective analysis: Whether anyone familiar with the law applicable to this claim could objectively view the claim as being worth the jurisdictional minimum. *Coventry Sewage Assoc. v. Dworkin Realty Co.,* 71 F.3d 1, 6 (1st Cir.1995) (citing *Jimenez Puig v. Avis Rent a Car Sys.,* 574 F.2d 37, 40 (1st Cir. 1978)). Courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases." *Id.* at 3.

## III.

■ A motion to dismiss requires us to consider the record as a whole in the light most favorable to the non-moving party, drawing all reasonable inferences to support its contention. *Knight v. Mills,* 836 F.2d 659 (1st Cir.1987). We find that the damage Plaintiff suffered does not meet the jurisdictional amount of $75,000. The X-rays to the wounded area revealed no broken or fractured bone, and there is no allegation of permanent damage. Neither is there a record of continued medical treatment for the physical or emotional injury suffered. Though the wound was no doubt physically painful and emotionally distressful, this court finds that no reasonable jury could determine that Plaintiff's injury would be justly compensated by $75,000. No person familiar with the applicable law could objectively view Plaintiff's claim as being worth the jurisdictional minimum. In other words, there is a legal certainty that Plaintiff's claim is really for less than the jurisdictional amount.

The First Circuit has summarized this body of law as follows:

First, federal courts must diligently enforce the rules establishing and limiting diversity jurisdiction. Second, unless the law provides otherwise, the plaintiff's damages claim will control the amount in controversy for jurisdictional purposes if it is made "in good faith." If the face of the complaint reveals, to a legal certainty, that the controversy cannot involve the requisite amount, jurisdiction will not attach. Moreover, if later evidence shows, to a legal certainty, that the damages never could have exceeded the jurisdictional minimum such that the claim was essentially feigned (colorable) in order to confer jurisdiction, the action must be dismissed .... Finally, if events subsequent to commencement of the action reduce the amount in controversy below the statutory minimum, the federal court is not divested of jurisdiction.

*Coventry Sewage Assoc.,* 71 F.3d at 6. Following this test closely, the facts here compel the conclusion that the claim is not worth the jurisdictional minimum.

### IV.

Accordingly, we dismiss Plaintiff's claim pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction due to its failure to meet the jurisdictional minimum.

**IT IS SO ORDERED.**