Julio E. RUIZ TROCHE,
et al., Plaintiffs

v.

**PEPSI COLA OF PUERTO RICO BOTTLING COMPANY, et al., Defendants.**

Jose D. Rivera Concepcion,
et al., Plaintiffs,

v.

Pepsi Cola of Puerto Rico Bottling Company, et al., Defendants

Manuela Vazquez Ortiz,
et al., Plaintiffs,

v.

Pepsi Cola of Puerto Rico Bottling Company, et al., Defendants.

Nos. CIV. 93–2329(RLA), CIV. 93–2331(RLA), CIV. 93–2332(RLA).

United States District Court,
D. Puerto Rico.

March 13, 2000.

Jorge Carazo Quetglas, Toledo Toledo & Carazo–Quetglas, Hato Rey, PR, José F. Quetglas Alvarez, José F. Quetglas Jordán, Eric M. Quetglas Jordán, San Juan, PR, Cherie K. Durand, Paul H. Hulsey, Theodore H. Huge, Ness, Motley, Loadholt, Richardson & Poole, Charleston, SC, for Plaintiffs.

Carlos A. Ramos Ortiz, Urb. El Vedado, San Juan, PR, for Puerto Rico Insurance Guaranty Assoc., defendant.

Francisco E. Colón–Ramírez, Colon, Colon & Martinez, San Juan, PR, for Cigna Insurance Company of Puerto Rico, defendant.

Harold D. Vicente, Vicente & Cuebas, San Juan, PR, Stephen A. Cozen, Daniel L. Hessel, Joseph H. Riches, James D. Golkow, Cozen and O'Connor, Philadelphia, PA, for Pepsi Cola of Puerto Rico Bottling Co., Vehicle Equipment Leasing Company, Inc., Bansander Leasing Corporation, Juan Hernandez Nazario, Cooperativa Los Vaqueros de Transporte Y Carga, defendants.

José R. Toledo Buscaglia, Miranda–Cardenas & Cordova, San Juan, PR, for Cooperativa Los Vaqueros, (Excess of Policy Limits), defendants.

## ORDER DISMISSING CLAIMS FOR FAILURE TO MEET JURISDICTIONAL AMOUNT

ACOSTA, District Judge.

The Court has before it plaintiffs' Motion to Show Cause Regarding Jurisdictional Amount (docket No. 437, filed on December 15, 1999), whereby LEYSIEE RUIZ CINTRON, MARISOL RUIZ CINTRON, ALFREDO RUIZ CINTRON, ALBA N. RUIZ CINTRON and KELVIN RUIZ CINTRON, plaintiffs in Civil Case No. 93–2329, attempt to justify the juris-dictional amount of their claims. Defendants have filed an opposition to plaintiffs' motion.[1]

## BACKGROUND

This action was filed on September 16, 1993. A jury trial was held from March 11, 1997 through April 4, 1997, during which plaintiffs herein, siblings of decedent JULIO ELVIN RUIZ CINTRON were afforded an opportunity to present their claims for damages before a jury. After hearing extensive testimony on damages, however, the jury awarded only $25,000 for each plaintiff for the death of their brother, and no award whatsoever for the loss of their sister-in-law, YOLANDA RIVERA, nor of their nephew, ELVIN RUIZ RIVERA.

## DISCUSSION

█ Claimants carry the burden of showing that the actual amount in controversy exceeds the jurisdictional minimum. *Duchesne v. American Airlines, Inc.,* 758 F.2d 27, 28 (1st Cir.1985) (citing *Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)). Thus, the party who entreats federal jurisdiction has the burden of proving its existence. *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir.) *cert. denied,* 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993).

█ Although courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases", *Coventry Sewage Assoc. v. Dworkin Realty Co.,* 71 F.3d 1, 3 (1st Cir.1995) (citing *Jimenez Puig v. Avis Rent a Car System,* 574 F.2d 37, 40 (1st Cir.1978)), it must appear to a legal certainty that the claim is actually for less than the jurisdictional amount to justify dismissal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Therefore, plaintiffs must es-

1. *See* Defendants' Opposition to Plaintiffs' Motion to Show Cause Regarding Jurisdic-tional Amount (docket No. 490, filed on February 28, 2000).

tablish that each of their individual claims meets the minimum jurisdictional amount, *Coventry Sewage Assoc.,* 71 F.3d at 1, in order to avoid dismissal.

 We find that plaintiffs have not met their burden of establishing that their individual claims exceed the $50,000 minimum amount that was required for diversity actions under 28 U.S.C § 1332 in effect at the time the complaint was filed. The tenuous relationship these particular plaintiffs had with their deceased brother, his wife and children are reflected in the jury awards. Indeed, a jury of their peers was presented with ample testimony on plaintiffs' damages and determined that the value of their claims did not exceed the jurisdictional minimum. To allow the case to go forward to a second trial in light of the prior jury finding would be giving plaintiffs an impermissible "second bite at the apple" solely on an unsubstantiated premise that "they should be awarded indemnification for the loss of their sister-in-law and their nephew, as well as higher indemnification for the loss of their brother".[2] Further, in plaintiffs' Motion to Show Cause... there is no indication that any admissible testimony before a subsequent jury would be different from that presented to the first jury.

In conclusion, the prior jury determination of the worth of these plaintiffs' claims, valued well below the statutory threshold for jurisdiction, permits the Court in this instance to conclude to a legal certainty that plaintiffs' claims are actually for less than the minimum required by statute. *See, e.g., Coventry Sewage Assoc.,* 71 F.3d at 6 ("[I]f later evidence shows, to a legal certainty, that the damages never could have exceeded the jurisdictional minimum ..., the action must be dismissed").

Based on the foregoing, the claims of LEYSIEE RUIZ CINTRON, MARISOL RUIZ CINTRON, ALFREDO RUIZ CINTRON, ALBA N. RUIZ CINTRON and KELVIN RUIZ CINTRON, siblings of decedent JULIO ELVIN RUIZ CINTRON and plaintiffs in Civil Case No. 93–2329 are hereby DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the claims of LEYSIEE CINTRON GALARZA and JULIO ELVIN RUIZ TROCHE, parents of decedent JULIO ELVIN RUIZ CINTRON, shall proceed to trial.

Partial Judgment to issue.

IT IS SO ORDERED.

---

2. Plaintiffs' motion at p. 2 (emphasis ours).