**Lionel RAYA RODRIGUEZ, et als., Plaintiffs,**

v.

**SEARS, ROEBUCK, et al., Defendants.**

**No. CIV.03–1002 SEC.**

United States District Court, D. Puerto Rico.

Sept. 17, 2004.

Julian R. Rivera–Aspinall, Rivera Aspinall, Garriga & Fernandini, San Juan, PR, for Lionel Raya–Rodriguez, Myra Acevedo–Colon, Nichole Raya–Acevedo, minor, Plaintiffs.

Eduardo Castillo–Blanco, Ivan M. Fernandez Law Office, Francisco E. Colon–Ramirez, Colon, Colon & Martinez, San Juan, PR, for Sears Roebuck Company, Defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction (**Docket # 12**). Defendants argue that Plaintiffs have failed to establish the jurisdictional amount necessary to sustain this case in federal court. Plaintiffs have duly opposed said motion (**Docket # 15**) and Defendants in turn have filed a reply (**Docket # 19**). Having considered the parties' arguments and the applicable law, the Court will **GRANT** Defendants' motion and the case will be **DISMISSED WITHOUT PREJUDICE.**

### Factual Background

On January 4, 2002, Plaintiffs Lionel Raya Rodríguez and Myra Acevedo Colón bought a pair of roller sneakers for their minor daughter and Co-plaintiff, Nichole Raya Acevedo, at the Sears store located in Mayaguez Mall, Puerto Rico. The roller sneakers were given to Nichole a few days later as a gift for Three Kings Day. On that same day, while walking with her roller sneakers, one of the wheels popped out causing Nichole to loose her balance and fall down. As result of her fall, Nichole suffered a displaced transverse fracture of the distal radius and a non displaced fracture of the distal ulna. Said injuries required a surgical intervention which entailed the placement of a metal pin and cast on Nichole's right wrist. The cast and pin remained in place for four weeks and, upon their removal, Nichole underwent five physical therapy sessions. Thereafter, Nichole was re-evaluated and cleared as having no functional limitation of her right wrist or hand. The medical record indicates that, upon the conclusion of treatment, Nichole had no residual pain, full range of motion on her right wrist and normal hand grip strength.[1]

### Applicable Law and Analysis

District Courts have jurisdiction in diversity cases when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). However, courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases." *Coventry Sewage Assoc. v. Dworkin Realty Co.*, 71 F.3d 1, 3 (1st Cir.1995). For a claim to survive, it must allege the $75,000.00 minimum by itself. When there are several plaintiffs, each must present claims that meet the jurisdictional amount. *See Rosario Ortega v. Star–Kist Foods, Inc.*, 370 F.3d 124 (1st Cir.2004); *Clark v. Paul Gray Inc.*, 306 U.S. 583, 589, 59 S.Ct. 744, 83 L.Ed. 1001(1939); *Rompe v. Yablon*, 277 F.Supp. 662 (S.D.N.Y.1967).

■ It is well-settled law that, unless challenged, a plaintiff's good faith allegations of damages will control the determination of the amount in controversy. *See. e.g., Dept. of Recreation & Sports of P.R. v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir.1991) (*citing Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)). However, once the defendant challenges the amount of damages alleged in the complaint, then the burden shifts to the plaintiff(s) to establish facts indicating to a legal certainty that the claims meet the required jurisdictional amount. *Id.* at 88; *St. Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Spiel-*

---

1. Although the duration of the physical therapies are not specified in the record, the medical report indicates that Nichole was first evaluated by Dr. José V. Ferrero on April 29, 2002 after she was referred for rehabilitation treatment by orthopaedic surgeon Dr. Kenneth Cintrón. Dr. Ferrero discharged Nichole from his care on May 20, 200 with no functional limitation of her right wrist or hand.

man v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir.2001); Wright, Miller & Cooper; Federal Practice and Procedure: Jurisdiction 3d § 3702.

In 1938 the Supreme Court established the basic and still guiding standard by which to evaluate a challenge that a plaintiff has not met the jurisdictional amount-in-controversy requirement:

> The rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

St. Paul, 303 U.S. at 288–89, 58 S.Ct. 586 (internal citations omitted).

■ "Under St. Paul, a plaintiff's allegations of damages that meet the amount-in-controversy requirement suffices unless questioned by the opposing party or the court." Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir.2001). Once a defendant questions jurisdiction ·by challenging the amount of damages alleged in the complaint, the burden shifts to the plaintiff to show that it is not a legal certainty that the claims do not involve the requisite amount. Id. at 4; Barrett v. Lombardi, 239 F.3d 23, 30–31 (1st Cir.2001). A case "can only be dismissed . . . for a failure to [satisfy the jurisdictional amount-in-controversy requirement] when it appears to a legal certainty that . . . the claim is really for less than the jurisdictional amount." See Rosario Ortega, 370 F.3d 124 (1st Cir.2004); Serrano v. Nicholson Nursery, Inc., 844 F.Supp. 73,75 (D.P.R.1994) (citing St. Paul, 303 U.S. at 289, 58 S.Ct. 586). As such, the party seeking jurisdiction has the burden of demonstrating that it is not a legal certainty that the claim involves less than the jurisdictional amount. Dept.

of Recreation & Sports of P.R., 942 F.2d at 88. The First Circuit has held that the proof offered by the plaintiffs must persuade the Court that someone familiar with the applicable law could objectively find the claim worth more than the jurisdictional minimum, otherwise dismissal must follow. See Jimenez Puig v. Avis Rent a Car Sys., 574 F.2d 37, 40 (1st Cir.1978). The party can satisfy this burden by furnishing affidavits or amended pleadings. Dept. of Recreation & Sports of P.R., 942 F.2d at 88.

In this case, Defendants argue that neither of the Plaintiffs can establish that it is not a legal certainty that their claims fall below the jurisdictionally required amount of $75,000. In essence, Defendants contend that Nichole's injuries amount to a simple wrist fracture and, that although they required surgery and therapy, the injuries fully healed without leaving any residual impairment. See Docket # 12 Exhibit A. Defendants also highlight that Plaintiffs have made no allegation of permanent damage, and have failed to allege that Nichole has required continued medical treatment for the physical and/or emotional injuries suffered. In addition, they also contend that Plaintiffs have submitted to them a settlement demand which proposes a settlement amount below the statutory amount. Defendants submit that this demand reflects Plaintiffs' own estimate of their claims and thus, to that end, it can be used as admissible evidence to help establish the amount in controversy (Docket # 12 Exhibit B). See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (1st Cir. 2002) (A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.); Simmons v. PCR Tech., 209 F.Supp.2d 1029 (N.D.Cal.2002); Faulker v. Astro–Med, Inc., 1999 U.S.

Dist. LEXIS 15801, 1999 WL 820198 (N.D.Cal.1999).

■ In their opposition, Plaintiffs argue that they have pled in good faith a monetary amount exceeding the statutory minimum and that there is case law supporting that the injury sustained by Nichole exceeds the $75,000 statutory minimum. *See Sicilia v. Tassel,* 163 F.Supp. 371 (1958); *Boudreaux v. Schwegmann Giant Supermarkets,* 585 So.2d 583 (La.App. 4th Cir. 1991); *Angeron v. Martin,* 649 So.2d 40 (La.App. 1st Cir.1994). On the other hand, Defendants point out in their reply that the case law cited by Plaintiffs can be distinguished from the instant case. After reviewing the parties' arguments and the applicable case law, we find that it is a legal certainty that the physical and emotional damages in this case would not be enough to sustain an award of $75,000. We explain.

In the instant case the Court concludes that someone familiar with the applicable law could not objectively find the claim worth more than the jurisdictional minimum. After examining the case law cited by Plaintiffs and the recent decisions by the First Circuit in *Rosario Ortega,* 370 F.3d 124 and *Stewart v. Tupperware Corp.,* 356 F.3d 335 (1st Cir.2004), we can objectively conclude that the instant case is distinguishable from the cases cited by Plaintiffs.[2] In all of the aforementioned cases the physical injury suffered by Plaintiff resulted in a permanent disability and/or raised a question of uncertainty regarding the recovery of the injury and its long term effects.

In their opposition, Plaintiffs cite no case in which there are similar facts which indicate that in an occurrence that did not result in a permanent injury the jury verdict exceeded the minimum jurisdictional amount. Moreover, this District Court has faced previous cases in where similar scenarios have been present. In *Tirado–Toro v. Builder's Square, Inc.,* 986 F.Supp. 714 (D.P.R.1997), the Court held that an accident resulting in fourteen (14) stitches to a plaintiff's head did not support a damage award in excess of $75,000. Although the Plaintiff in *Tirado Toro* alleged damages in excess of $80,000, the Court dismissed the claim after finding that no one familiar with the applicable law could objectively view the claim as being worth the jurisdictional minimum. *Id.,* at 716. In finding that the case did not meet the jurisdictional amount, the Court relied heavily on the fact that there was no record of continued medical treatment for the physical or emotional injury suffered. *Id.* In the instant case, Plaintiffs have also failed to provide allegation of **any actual continued medical treatment received** for either their physical or their emotional conditions. In addition, they have not contested the fact that Plaintiff Nichole Raya Acevedo suffers lagging effects or has been permanently affected because of the injuries. In fact, Nichole made a full recovery and there is no indication of an adverse prognosis indicating that her injury could re-surface or hamper her as she grows older. Therefore, based on the foregoing discussion, we find that the physical and emotional damages in this

---

**2.** We note that in great part Plaintiffs support their argument by citing case law belonging to the Court of Appeal of the State of Louisiana. However, Plaintiffs have overlooked the fact that although "federal courts must, of course, look to state law to determine the nature and extent of the right to be enforced in a diversity case," the **"determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards."** *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 352–53, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)(emphasis added).

case would not be enough to sustain an award of $75,000.

Finally, we must also conclude that, since it is a legal certainty that the damages claimed by Plaintiff Nichole Raya Acevedo cannot surmount the jurisdictional minimum, neither can her parent's claims for emotional distress meet this amount. As mentioned above, Nichole's parents did not seek or require any treatment for their emotional distress. The First Circuit has stated that "one of the normal responsibilities of parenthood is dealing with a child's cuts and scrapes." *Rosario Ortega,* 370 F.3d at 129. Therefore, this being the case, their claims will be dismissed for failure to meet the jurisdictional amount.

## Conclusion

Although this Court is sensitive to Plaintiffs' very real suffering due to Co-plaintiff Nichole's unfortunate accident, it cannot renounce its status as a court of limited jurisdiction. This Court takes very seriously its responsibility to preserve its legitimacy by respecting the limits of its jurisdiction. Plaintiffs, of course, still have the Commonwealth courts available for the vindication of any of their rights under state law that may have been violated. As such, and for all the reasons discussed above, Defendants' motion to dismiss is **GRANTED**, and this case will be **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**